MAUDE ·E. GASKINS, JOINED BY HER HUSBAND, THOMAS GASKINS, JR., *Appellants*, v. PETER MACK, JESSE BRANCH AND TWENTY-ONE OTHERS AND ALL UNKNOWN PARTIES CLAIMING INTEREST IN CERTAIN DESCRIBED LANDS, *Appellees.*

Division A.

Opinion Filed February 15, 1926.

*Treadwell & Treadwell,* for Appellants;

*Alex St. Clair Abrams,* for Appellees.

PER CURIAM.—In June, 1924, the appellant and her husband exhibited their bill in chancery against Peter Mack and twenty-five other persons and all unknown parties claiming an interest in certain lands described in the bill. The purpose of the bill was to effect a partition of the lands described.

It was alleged that Eudora O. Taylor died November 18, 1892, seized in fee simple of the lands described. That she was the mother of complainant and other minor children. That such children and the father of the complainant, who was the husband of Eudora, survived her. That the children of Eudora and her husband, J. D. Taylor, inherited the lands; J. D. Taylor taking an undivided one-eighth interest. That the complainant had acquired the remaining seven-eighths interest; so that the complainant and the defendant own the land as tenants in common. That the other defendants named claim a certain quantity

of interest in the lands but such interest was unknown to the complainant.

Peter Mack answered the bill in August, 1924, and incorporated a demurrer to the bill.

Decrees pro confesso were taken against all of the defendants named except Peter Mack, W. S. Branch, Jr., Bertha Beacham, Catherine Starbuck and T. A. Yancey, and against all unknown parties claiming an interest in the land.

Evidence was taken in behalf of complainant and defendant, Peter Mack.

A decree was entered on April 4, 1925, declaring the equities in the cause to be in favor of the defendant, Peter Mack, and dismissing the bill. The decree ignores the other defendants both in the title of the cause and in the body of the decree.

Two appeals were taken from that decree: The first on October 8, 1925, in which all the defendants were named as appellees, including the unknown defendants. The second appeal was entered on October 26, 1925, in which all the defendants known and unknown were made appellees except T. K. Miller, Blanche Kiner and A. J. Norris.

The first appeal was dismissed by an order of this Court dated October 20, 1925, upon motion of the appellants.

No decrees pro confesso were entered against W. S. Branch, Jr., Bertha Beacham, Catherine Starbuck, or T. A. Yancey. No final decree was entered against any of the defendants, nor were T. K. Miller, Blanche Kiner and A. J. Norris made parties to the second appeal.

While the first appeal, taken October 8, 1925, was pending, on the same day the appeal was taken, complainants' solicitors served notice upon the solicitor for Peter Mack that the complainants would upon October 20, 1925, move the circuit court for an order for the re-establishment of

an "original amendment to the bill of complaint heretofore filed in said cause by consent of the solicitor for respondent, Peter Mack, on or about the 22nd day of October, A. D. 1924, and either lost or destroyed."

A copy of the alleged amendment was attached to the motion as Exhibit A and consisted of the description of about two hundred and twenty-eight lots of Palmetto Company's addition to Winter Park added to the subject matter of the original bill. The exhibit contained a copy of the written consent of the solicitor for Peter Mack, dated October 22, 1924, to the filing of the amendment.

On October 15, 1925, Peter Mack by his solicitor filed his objection to the "establishing or reestablishing the amendment to the bill of complaint." The grounds were that the Chancery Progress Docket of the clerk did not show that "any amendment was ever filed and no amendment to the bill can be found in the clerk's office" and upon the further ground that an appeal having been taken in the cause by the complainant the circuit court had no jurisdiction in the cause the same having been transferred to the Supreme Court on the filing of the entry of appeal.

On October 20th following, the complainants obtained a dismissal of the first appeal and on October 22, 1925, the Chancellor ordered the re-establishment of the amendment "as filed as of the 22nd day of October, A. D. 1924," and ordered the clerk to file the amendment as of that date. To the paper ordered re-established was attached a copy of the answer of Peter Mack to the amendment, dated October 25, 1924.

Then the second appeal was taken on October 26, 1925.

On January 19, 1926, the appellee, Peter Mack, moved to dismiss the second appeal, the grounds being in substance: That no final decrees had been entered in favor

or against any of the appellees against whom decrees *pro confesso* had been entered; the only decree rendered was in favor of Peter Mack; that when the first appeal was pending and when the complainant moved to dismiss it a question was pending affecting the pleadings in the case cognizable only by the Supreme Court of which the appellant failed to advise this Court; that under the Act of 1907 the appellee, Mack, was not required to take notice of the entry of the second appeal; that the appellants were not entitled to but one appeal except by order of this court and then not without notice to the appellee; that no notice was given to the appellee, Mack, of the motion to dismiss the first appeal; that the first appeal was dismissed without leave to enter another from the same decree; that the order re-establishing the alleged amendment to the bill was void because an appeal was pending when the motion to re-establish the amendment was made and there was no evidence that the amendment had ever been filed or delivered to the clerk or any of his employees.

The bill was one for partition of certain lands particularly described. All the defendants were alleged to be claimants to a ''certain quantity of interest or proportionate share in and to'' the property described ''as owners or claimants to said interest.'' The prayer was that those interests should be ascertained and the rights of the parties adjudicated and that there be a ''division and partition'' of the property.

The defendants were therefore necessary parties. See Section 3204-3205, Revised General Statutes.

W. S. Branch, Jr., Bertha Beacham and Catherine Starbuck, defendants, appeared by their solicitor to the bill but did not answer. No decree *pro confesso* was taken, however, against them nor against T. A. Yancey, defendant.

In the second appeal T. K. Miller, Blanche Kiner and A. J. Norris, defendants, against whom decrees *pro confesso* had been entered, were not made parties to the appeal. No final decree has been entered either for or against any of the defendants except Peter Mack as to whom the bill was addressed, unless the decree dismissing the bill without naming any defendant except him be taken as a decree in favor of all.

It is apparent from this statement of the case that the appeal should be dismissed because necessary parties are omitted from the appeal, if the decree was considered to be in their favor, but there has been no decree in favor of them except Peter Mack because the decree by its terms does not purport to affect any one except him unless the decree dismissing the bill was a dismissal of it as to all defendants. See Jones v. Miller, 77 Fla. 297, 81 South. Rep. 413; Willey et al. v. W. J. Hoggson Corporation et al., — Fla. —, 106 South. Rep. 408.

The appellee contends that no jurisdiction was obtained by this Court under the second appeal either of the subject matter or of the person of him because the first appeal having been dismissed unconditionally upon the appellant's motion a second appeal could not be effected without complying with the rule requiring issuance and service of notice and citation.

Prior to Chapter 4528, Acts of 1897, notice of appeals in chancery were required to be given orally in open court or in vacation by filing a written notice thereof in the clerk's office and the clerk should issue to the appellee a citation which should be returnable and served as writs of *sci. fa. ad. aud. errores*. See Sections 1460-1461, Revised Statutes; but those sections were repealed by Chapter 4528, *supra*.

Appeals in chancery are by statute made matters of

right and may be taken within six months after the entry of the order or decree appealed from. See Sects. 3167-3168, Revised General Statutes. More than one appeal is allowable from the same decree within six months after the entry of the order or decree from which the appeal is taken where there has been an abandonment or dismissal of the first appeal before the second is taken. Lonergan v. Peebles, 74 Fla. 123, 76 South. Rep. 694; DaCosta v. Dibble, 45 Fla. 225, 33 South. Rep. 466; Dorman v. McDonald, 47 Fla. 252, 36 South. Rep. 52; 3 C. J. 351.

It is the rule that statutes giving and regulating the right of appeal are recognized as remedial in their nature and should receive al liberal construction in furtherance of the right. See 2 R. C. L. 29.

Even if the failure to serve a citation upon the appellee, Mack, would be fatal to the appellate court's jurisdiction of him, his appearance by solicitor in this Court upon a motion to dismiss the appeal upon grounds not relating to the jurisdiction of his person would be a waiver of the objection to the jurisdiction.

The dismissal of the first appeal was not a decision of the case upon its merits by this Court. The complainants could voluntarily dismiss their appeal although not as a matter of right if it appeared that prejudice would result to appellee. See 4 C. J. 563.

There is no merit in the proposition as a ground for dismissal of the appeal that the complainants filed a motion in the lower court for re-establishment of an amendment to the bill while the first appeal was pending. That appeal being dismissed the case stood as if there was no appeal. The allowance of the amendment *nunc pro tunc* after the entry of the final decree and the circumstances under which it was allowed may be a matter for consideration upon an appeal.

We cannot read into the final decree in this case the purpose of the chancellor to decree the equities of the cause to be in favor of those defendants against whom order *pro confesso* had been taken and those against whom no such orders had been taken. There is no ambiguity in the language of the decree. In the title of the case the name only of Peter Mack is given without any sign, symbol or abbreviation of words that other defendants were intended to be included and the decree recites that the court finds the equities to be with the defendant. It may be that an inspection of the voluminous record in this cause would disclose that all the defendants claimed title or interest in the property described under the appellee, Peter Mack, and that a decree adjudging the equities to be in his favor would redound to their advantage but even in such case the proof of the proposition that the court intended to name all of them in the decree and decide equities in their favor in the face of confession by them of the allegations of the bill would not be conclusive in view of the allegations of the bill that their interests' and proportionate shares of the property were unknown to the complainant and that they all claimed interests therein.

We cannot say that the omission of such other defendants from the decree was a mere clerical misprision such as this Court would direct to be corrected.

The case is not analogous to Seaboard Air Line Ry. v. Harby, 55 Fla. 555, 46 South. Rep. 590, where the declaration described the Railway Company as a Virginia Corporation and the judgment described it as a Florida Corporation, there being no issue upon the allegation and no question of variance in proof.

. But the decree dismissed the bill and if in the light of the pleadings it may be considered a dismissal as to all the defendants while expressly declaring the equities to

be in favor of the defendant Mack the omission of the names of the other defendants from the decree was a clerical error and application should have been made for the correction of it in the lower court as the learned chancellor is better qualified to determine what his purpose was than any one else.

In either case, however, the appeal will be dismissed, for if the decree was intended to include all the defendants, Miller, Kiner and Norris were not joined as parties appellee and if all defendants were not intended to be named in the decree the cause is not completed as to them and no final decree adjudicating the interests of all the necessarily interested parties has been entered.

Dismissed.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.