CARROLL, CHAS., Chief Judge.
The appellant sued her husband for divorce, and filed this appeal from an adverse final decree dated October 12, 1956, which denied her a divorce, granted a divorce to appellee on his counterclaim and awarded appellant lump sum alimony of $1,500, plus counsel fees and costs.
The notice of appeal to the Supreme Court of Florida was filed in the circuit court December 5, 1956, and the appeal was lodged in the Supreme Court on January 21, 1957. The record-on-appeal and briefs were filed there in March of 1957.
This court heard argument in the cause following its transfer from the Supreme Court to this court for consideration and determination, by order dated August 5, 1957, pursuant to authority vested in the Supreme Court of Florida by Section 26(6), Article V of the Constitution as amended at the General Election in November 1956, effective July 1, 1957, F.S.A.
The appellant in her brief, stated the following four questions or points:
“Point I. Whether or not the evidence adduced by the plaintiff at the final hearing supported her allegations of extreme cruelty against the Defendant. (Plaintiff’s Assignments of Error Nos. 1, 2, 6, 9, 11, 12 and 14).
“Point II. Whether or not the Lower Court erred in finding for the Defendant in his Counter-Claim alleging extreme cruelty on the part of the Plaintiff where the evidence adduced by the Defendant was for the most part hearsay, and where the evidence failed to show that the alleged actions of the Plaintiff produced an ill effect on the Defendant’s health or made cohabitation impossible. (Plaintiff’s Assign *486 ments of Error Nos. 3, 4, 5, 7, 8, 10 and 15).
“Point III. Whether or not the Lower Court, when finding that the Plaintiff was entitled to rehabilitation, properly considered the financial worth of the Defendant, the contributions of the Plaintiff towards the marriage, and the needs of the Plaintiff, in allowing the Plaintiff the meager sum of One Thousand Five Hundred Dollars ($1,500) as a lump sum alimony when, by the Defendant’s own testimony, he is worth as much as One Hundred Fifty Thousand Dollars ($150,000). Plaintiff’s Assignments of Error Nos. 1, 2, 6, 9, 11, 12 and 14).
“Point IV. Where the Chancellor assumes complete charge of the Plaintiff’s case and interrogates witnesses to exclusion of counsel and by his questions permits introduction of incompetent testimony and privileged communications between doctor and patient, does such conduct constitute reversible error. (Plaintiff’s Assignments of Error Nos. 13 and 16).”
In its consideration of these questions the court did not have the benefit of an appendix to appellant’s brief, as required ¡by Florida Supreme Court Rule 31 and Rule 36.6(e), 31 F.S.A. The record-on-appeal, consisting of the original record in the circuit court, including the transcribed testimony, is 239 pages in length, of which the testimony consumes 204 pages.
If an appellant fails to file and include an appendix with his brief or wilfully fails to include in his appendix sufficient matter to enable the Appellate Court to arrive at a decision, the court is not obligated to resort to the record-on-appeal to decide the case. In Bolick v. Sperry, Fla.1955, 82 So.2d 374, 376, a warning to this effect was sounded by the Supreme Court, speaking through Mr. Justice Se-bring, as follows:
“However, we think it only fair, in connection wtih the above statement, to sound a note of warning to an appellant who elects to come here with an appendix that does not completely support his case. Under our system of procedure the burden is always upon the appellant to make reversible error clearly appear. Therefore, the duty rests upon the appellant to include in the appendix to his brief such parts of the original record as will demonstrate to the court, without resort to the record-on-appeal, that error requiring reversal of the judgment or decree appealed from has been committed in the court below. For, as is made plain by the wording of Rule 31, ‘appeals will be heard and determined on assignments of error, appendices and briefs filed in accordance with the rules,’ and ‘the record-on-appeal will be referred to [only] when necessary to settle material conflicts between the parties.’ Under this rule the Court will feel under no obligation to resort to the record-on-appeal to decide a case merely because the appellant has wilfully failed to include in his appendix sufficient matter to enable the Court to arrive at a decision, nor will the appellee be under any obligation to supply such deficiency by including in his appendix matter that should have been included in the appendix of the appellant.”
It should be noted that in this opinion we are dealing with Florida Supreme Court Rules which were in use prior to July 1, 1957. As of that date new rules became effective, designated Florida Appellate Rules, of which Rule 3.3, Rule 3.7, subd. f(5), Rule 3.7, subd. g(4) and Rule 3.7, subds. h & j deal with the matter of appendices.
The appellant has not sustained her burden of showing error on the part of *487 the trial court, and the final decree appealed from hereby is affirmed.
Affirmed.
HORTON and PEARSON, JJ., concur.