HOBSON, Justice.
The appellant unions are seeking a reversal of a final decree permanently enjoining them from striking or boycotting the ap-pellee’s project at Carol City, Florida. Said decree also held the appellee entitled to recover compensatory and exemplary damages.
*850 On the present state of the record, we are compelled to dispose of this case on jurisdictional grounds.
The appellee, Heftier Construction Co., the general contractor at the “Carol City” construction project, filed a complaint in the Circuit Court of Dade County in which it sought damages and an injunction against the appellants for conducting an alleged illegal strike and boycott against the appel-lee’s project. The alleged purpose of this activity was to force the appellee to stop doing business with a non-union supplier of concrete. On March 20, 1958, a hearing was held before Circuit Court Judge Robert H. Anderson at which time he denied the appellants’ Motion to Dismiss which attacked the sufficiency of the complaint and the court’s jurisdiction over the subject matter. Judge Anderson, after a hearing, granted the appellee’s petition for temporary injunction. On interlocutory appeal, the District Court of Appeal, Third District, per curiam affirmed this order, 103 So.2d 884.
The appellants then filed their answer which denied all the essential allegations of the complaint and asserted as a defense that the Circuit Court lacked jurisdiction over the subject matter of this suit on the ground that the Federal Government had pre-empted the field of labor activity in cases in which interstate commerce is involved or affected. It was the appellants’ contention that the National Labor Relations Board has exclusive jurisdiction in the instant case.
It is uncontroverted that none of the striking union men are employees of the appellee and that no labor dispute exists between the appellants, their officers, employees, agents or members and the ap-pellee corporation.
Once the issues were made it became apparent that both parties were in agreement that the prime question was whether or not the appellee’s activities affected interstate commerce. Both sides were of the opinion that if the appellee’s project did in fact affect interstate commerce the State Court would not have jurisdiction.
On the basis of this agreement the Court permitted the appellants to use the entire time of the July 28th and August 28th hearings to offer evidence in support of their contention that the appellee’s project affected interstate commerce. The appellants were further permitted to introduce into evidence five depositions on September 25, 1958. The exhibits offered by the appellants on the subject of the appellee’s alleged interstate activities became so voluminous that the Court permitted said exhibits to be audited by a Certified Public Accountant. The exhibits so audited were incorporated into a document entitled, “Recapitulation of Evidence Introduced Relating to Interstate Commerce Issue”, and this document was introduced into evidence and examined by the Court. Based upon the evidence thus before the Court, Judge Anderson in granting the permanent injunction and holding the appellee is entitled to damages found in part:
“1. That the Court has jurisdiction of the parties and the subject matter of this suit; and
* # * * * *
“8. That the Plaintiff is not engaged in interstate commerce and, further, that no showing has been made in this cause that the Plaintiff’s activities or the strike or boycott had any impact or effect upon interstate commerce.”
On the day he issued his final decree, Judge Anderson also filed a “Memorandum” in which he expressed his personal views on the wisdom of the opinion of the Supreme Court of the United States in the now famous Guss case.[1] Although we are prone to agree with the learned Judge’s condemnation of the “no-man’s land” doctrine as being offensive to “the time honored philosophy of the law that ‘there is no wrong without a remedy’ ”, his memoran *851 dum, which is not part of the Trial Court’s judgment or decree, cannot be properly a part of our consideration of this case.[2]
The appellants take the position that this Court has jurisdiction pursuant to Rule 2.1, subd. a(5) (a), Florida Appellate Rules, 31 F.S.A., which provides that “appeals from trial court may be taken directly to the Supreme Court * * * from final judgments or decrees passing directly upon the validity of a state statute or a federal statute or treaty, or construing a controlling provision of the Florida or Federal Constitution * * [3]
Before answering the appellants’ principal argument, we consider it appropriate to dispose of their Assignment of Error in which they assert: “The Court erred in misconstruing the validity of 29 USC Section 160(a) in respect to lack of jurisdiction of the Court.” This contention is without merit. A careful perusal of the record discloses that the validity of 29 U.S. C.A. § 160(a) was never decided by the Court. Section 160(a) gives the National Labor Relations Board power to prevent any person from engaging in any unfair labor practice affecting commerce. The final decree clearly discloses that the chancellor was aware that if the appellee’s project involved or affected interstate commerce, the State Courts of Florida would not have jurisdiction. Under the pleadings and evidence before the Circuit Court the validity of 29 U.S.C.A. § 160(a) was not in issue; therefore, said Court could not and did not pass directly upon its validity.
The primary contention of the appellants is that this Court has jurisdiction because the Trial Court erred in misconstruing Article I, Section 8 and Article VI of the United States Constitution. Article I, Section 8 grants Congress the power to regulate commerce among the several States and Article VI contains the so-called Supremacy clause.[4]
Before this Court will take jurisdiction of a case on the ground that a final judgment or decree has construed a controlling provision of the Florida or Federal Constitution, at least four procedural pre *852 requisites must be established by the party affirmatively seeking to invoke our jurisdiction. They are:
1. The constitutional question must have been raised at the first opportunity,
2. The constitutional provision claimed to have been violated must have been designated specifically either by explicit reference to the article and section or by quotation of the provision,
3. The facts showing the violation must have been stated, and
4. The constitutional question must have been preserved throughout for review. This requirement contemplates adequate coverage of the constitutional question in the appellate briefs.
Although the appellants have attempted to meet the procedural requirements for raising a constitutional question; nevertheless, in the instant case because the chancellor’s decree did not undertake to “construe” a controlling provision of the Federal Constitution, we cannot take jurisdiction.
By his final decree the chancellor held the appellee was not engaged in interstate commerce and that there was no showing that the appellee or the strike or boycott had any impact or effect upon interstate commerce. This finding of fact rendered it unnecessary for the chancellor to construe or interpret a constitutional provision.
This case is almost identical to the situations presented in the Milligan and Carmazi cases.[5] Here, as there, the order of the Trial Judge fails to reveal a judicial construction or interpretation of either the State or Federal Constitution. Absent such construction, there is no basis for the exercise of our jurisdiction.
For the above-stated reasons we do not accept jurisdiction of this case. The Notice of Appeal and all other papers filed herein shall be, at the expiration of five days from the filing of this opinion, transferred to the District Court of Appeal of Florida, Third District, pursuant to Rule 2.1, subd. a(5) (d), Florida Appellate Rules.
It is so ordered.
TERRELL, C. J., and THOMAS, THORNAL and O’CONNELL, JJ., concur.

. Gass v. Utah Labor Relations Board, 853 U.S. 1, 77 S.Ct. 598, 1 L.Ed.2d 601.

.The Memorandum of The Honorable Robert H. Anderson, Circuit Judge, reads as follows:
“In their recapitulation of evidence relating to the issue of interstate commerce defendants say:
“ ‘Jurisdictional yardsticks set out by the National Labor Relations Board provide standards for its determining whether it will take jurisdiction in any given case. These standards are arbitrary and changeable. After they were established on October 3, 1950, they were changed on two occasions. Since September 1, 1958 they have been expected to have been changed and probably will be changed substantially in the near future. This new change was brought about because of the United States Supreme Court decision in the Guss case which posed the serious “No-man’s land” doctrine. These changes are also subject to the Board’s fiscal policies. If more Congressional appropriations permit the hiring of more personnel, the yardsticks are lowered because more cases can be handled. After the Guss case, Congress increased the Board’s appropriations. The Miami office of the N.L. R.B. has nearly doubled in personnel.’
“This ‘no-man’s land’ is supposed to encompass those cases over which the National Labor Relations Board has jurisdiction but declines to exercise it, for which reason it is argued that the state courts are divested of jurisdiction. There is no such place in the law as ‘no-man’s land.’ The very thought of it offends against the time honored philosophy of the law that ‘there is no wrong without a remedy.’ The term ‘no-man’s land’ was borrowed from the military. It means that area between two battling armies which is occupied by neither combatant but may be occupied, by either. Let’s leave it with the military and not introduce it into the law.
“Miami, Florida, September 26, 1958.”

. The language of the appellate rule quoted herein for all intents and purposes is identical to that found in Article V, Section 4(2) of the Florida Constitution, F.S.A.

. In their Assignments of Error appellants referred to Article VI as Article IV. This obvious typographical error has been corrected in their Briefs.

.Milligan v. Wilson, Fla.1958, 104 So.2d 85; Carmazi v. Board of County Commissioners, Fla.1958, 104 So.2d 727.