183 So.2d 227 (1966)
CAROL CITY UTILITIES, INC., a Florida Corporation, Appellant,
v.
DADE COUNTY, a Political Subdivision of the State of Florida, Thomas F. Carney, Bernard Janis, Floyd Kemp, William H. Merriam, Jr., and Earl Kehoe, Each Individually and As a Claimant to the Office of Member of and As the Persons Collectively Purporting to Constitute and Act As the Metropolitan Dade County Water and Sewer Board, Appellees.
No. 65-636.
District Court of Appeal of Florida. Third District.
February 1, 1966.
Rehearing Denied March 9, 1966.
*229 Walton, Lantaff, Schroeder, Atkins, Carson & Wahl and James Knight, Miami, for appellant.
Thomas C. Britton, County Atty., for appellees.
Before HENDRY, C.J., and TILLMAN PEARSON and CARROLL, JJ.
TILLMAN PEARSON, Judge.
The appellant, Carol City Utilities, Inc., was the plaintiff in an action for declaratory decree against the defendants, Dade County and the Metropolitan Dade County Water and Sewer Board. The Utility sought a declaration by the Court that the Metropolitan ordinance creating the Dade County Water and Sewer Board was an unconstitutional exercise of power by the County. The final decree sustained the appellee's, County's, contention that the matters raised in the complaint were res adjudicata because of a final judgment which had been entered by the Circuit Court in an earlier case. The previous judgment was on a petition for certiorari brought by the plaintiff-Utility against the County and the Board for a review of an administrative order of the Board. The final decree states that even though the trial court finds that the order denying certiorari is res adjudicata as to the issues raised, it still finds for the County upon the merits. We hold that the plea of res adjudicata was inapplicable, but we affirm upon the merits.[1]
The action which was claimed as a bar under the theory of res adjudicata was as follows. The appellant filed a petition for certiorari in the Circuit Court to review an administrative order of the Metropolitan Dade County Water and Sewer Board. When certiorari was denied, the appellant took an appeal to the Supreme Court of Florida which was dismissed without an opinion. Carol City Utilities v. Carney, Fla. 1963, 153 So.2d 307.
The appellant, Carol City Utilities, Inc., filed this appeal to the Supreme Court upon the theory that the jurisdiction for the appeal was in the Supreme Court of Florida[2] because the final decree construed a controlling provision of the Florida Constitution. The validity of the ordinance and the legal existence of the Board was alleged to be in doubt because of conflicts between the ordinance and (1) the Constitution of the State of Florida; (2) the general laws of the State of Florida; and (3) the Metropolitan Charter of Dade County. The Supreme Court transferred the appeal to this court.
*230 In its brief, filed in the Supreme Court, the County stated:
"The threshold question of res adjudicata does not invoke the Supreme Court's jurisdiction and appeal should have been taken to the District Court, as was done in Green v. Peters, Fla. App. 1962, 140 So.2d 601, 603.
"The holding of State v. Bruno, Fla. 1958, 104 So.2d 588, 590, stands for the proposition that if the order appealed could have been based on a ground which did not invoke the Supreme Court's jurisdiction, the Court will not take jurisdiction. If, as is the case here, it is already plain that such a ground existed and was acted upon by the lower Court, even if erroneously, this Court ought to refer the cause to the District Court.
"In International Hod Carriers v. Heftler Const. Co., Fla. 1959, 112 So.2d 848, 852, the Supreme Court declined jurisdiction and transferred the case to the District Court under Rule 2.1(a) (5) (d), because the findings of the Chancellor rendered it unnecessary to construe or interpret a constitutional provision. This is the case here."
We must presume that the reason for the transfer was a holding by the Court that the question of res adjudicata does not invoke the Supreme Court's jurisdiction.
Upon the defense of "res adjudicata", the Chancellor found as follows:
"Defendants have pleaded this Order as res adjudicata as to these issues. The plea is sustained. The Order disposed finally of a review through certiorari (Under F.A.R. 4.1 [31 F.S.A.]) by plaintiff of an adverse order entered by the defendant Board. Plaintiff contended there, as here, that the Board lacked legal existence for the same reasons urged here. These contentions were resolved against plaintiff. The Court also concluded that Plaintiff's violation of the applicable rules of procedure would justify denial of the petition. Plaintiff appealed to the Supreme Court without challenging the Circuit Court's procedural holding. Because of this omission, the appeal was dismissed on March 4, 1963, by the Supreme Court. The Order then became final. The dismissal of an appeal does not avoid the plea of res adjudicata. Collins v. Hall, 117 Fla. 282, 157 So. 646 [99 A.L.R. 1086] (1934).
"Accordingly, the injunctive relief prayed for by plaintiff in this suit is denied."
Res adjudicata is not applicable to the facts in this case because the action for declaratory decree is not a suit upon the same cause of action. However, since the substance of the plea, and the ruling by the trial court, is that the plaintiff is precluded from relitigating the issues that were actually decided in the previous suit, we will consider the plea to be estoppel by judgment. See Smith v. Florida East Coast Railway Company, Fla.App. 1963, 151 So.2d 70; and Hohweiler v. Hohweiler, Fla.App. 1964, 167 So.2d 73, for the distinctions between res adjudicata and estoppel by judgment.
The holding of the Circuit Court upon the denial of the petition for certiorari was as follows:
"Respondents have identified, in their joint brief, eight violations of the Florida Appellate Rules committed by petitioner in its presentation of this matter. These violations dictate denial of the petition under authority of Farina v. Farina, Fla.App. 1957, 97 So.2d 485 and Urban v. City of Daytona Beach, Fla.App. 1958, 101 So.2d 414."
Thereafter, the Circuit Court proceeded to discuss the merits of the case.
Upon an appeal to the Supreme Court of Florida, from the order denying certiorari, the appellant, Utility, attempted to argue error upon the Circuit Court's determination *231 of the merits of its petition. In dismissing the appeal, the Supreme Court, in its order, stated:
"The appellees in the above entitled cause have filed a motion to dismiss the appeal herein on the grounds stated in said motion, and upon consideration thereof, it is ordered that said motion be and the same is hereby granted, and the appeal which was entered in this cause in the Circuit Court of Dade County, Florida, at Law, on November 8, 1962, be and the same is hereby dismissed because the Circuit Court of Dade County found that the petition for certiorari was denied because of violation of appellate rules. This ruling was not challenged." Order of the Supreme Court of Florida, January Term A.D. 1963, Monday, March 4, 1963, Case No. 32,210.
The effect of the Supreme Court's order of dismissal upon the Circuit Court's order denying certiorari was to leave the original order in the same status as if no appeal had been taken. Collins v. Hall, 117 Fla. 282, 157 So. 646, 99 A.L.R. 1086 (1934). Compare Gaskins v. Mack, 91 Fla. 284, 107 So. 918 (1926); Clonts v. Spurway, 104 Fla. 340, 139 So. 896 (1932). Therefore, the Supreme Court's order of dismissal was not a decision upon the merits of the case. Gaskins v. Mack, supra.
It is also well established that an order denying certiorari is not ordinarily determinative of the merits, and that it cannot be used as authority for or against the proposition urged or defended in such proceedings. Southern Bell Telephone & Telegraph Co. v. Bell, Fla. 1959, 116 So.2d 617. Since the Circuit Court's denial of the petition for certiorari was primarily based upon a failure to comply with the appellate rules, the statements in its order, which purport to rule upon the constitutional issues, cannot be said to have been an actual decision upon the merits. The appellee contends that a ruling by an appellate court is not dictum merely because it was not necessary. In Parsons v. Federal Realty Corporation, 105 Fla. 105, 143 So. 912, 88 A.L.R. 275 (1931), the Court, at page 920, stated:
"A ruling in a case fully considered and decided by an appellate court is not dictum merely because it was not necessary, on account of one conclusion reached upon one question, to consider another question the decision of which would have controlled the judgment.
"Two or more questions properly arising in a case under the pleadings and proof may be determined, even though either one would dispose of the entire case upon its merits, and neither holding is a dictum, so long as it is properly raised, considered, and determined."
Since one of the alternative rulings by the Circuit Court was not upon the merits, this principle is not applicable to the order denying certiorari. Therefore, the Chancellor erred in determining that the merits of the cause had been determined by the order denying certiorari.
Having determined that the trial judge erred in sustaining appellees' position upon the threshold question, we must now proceed to a consideration of the other questions presented on the appeal. As previously pointed out, the trial court decided these questions by reference to a prior holding of another circuit judge and adopted that holding [see Footnote 1, supra]. The record now before us contains, as exhibit to the County's answer to the complaint, a copy of the decision which the present decree adopts. This decision is in part as follows:
"The Dade County Commission was expressly empowered by the Home Rule Charter, Sections 1.01A(9) and (14) to enact an ordinance regulating water and sewage utilities. Petitioner argues that these Charter provisions exceeded the authority conferred by the Home Rule Constitutional Amendment, *232 Article 8, Section 11. In State v. Dade County, Fla. 1961, 127 So.2d 881, however, the Supreme Court found these particular Charter provisions to be authorized by the constitutional grant of power to `do everything necessary to carry on a central metropolitan government in Dade County' and to `provide a method by which any and all of the functions or powers of any municipal corporation * * * may be transferred to the Board of County Commissioners of Dade County.' Article 8, Section 11(1) (b) and (d). See also Miami Shores Village v. Cowart, Fla. 1958, 108 So.2d 468, wherein the Supreme Court construed the constitutional grant of power authorizing the Board of County Commissioners to pass ordinances relating to the affairs, property and government of Dade County and to do everything necessary to carry on a central metropolitan government in Dade County, to mean that the Charter could authorize the County Commission to regulate on a county-wide basis according to a uniform plan those municipal functions that are susceptible to, and could be most effectively carried on under, a regulatory plan applicable to the entire county. For sixty years, every city in Florida has had the power to regulate water companies. Section 167.57, F.S."
It is apparent that the attack upon the ordinance at the time of the above opinion by Circuit Judge J. Fritz Gordon was based upon the same grounds as those now urged in this Court. The ordinance undertakes to regulate the service areas, the rates and charges, and the quality of service of the water and sewer utilities who serve customers within Dade County. It does so through a water and sewer board, created by the ordinance, whose members are appointed by the County Commission. This Board makes investigations and holds hearings under standards prescribed by the ordinance, and its decisions are subject to review by certiorari in the circuit court. The Board formulates rules and regulations for the administration and enforcement of the ordinance, but these rules do not become effective unless approved by the County Commission.
Appellant's attacks upon the constitutionality of the ordinance are as follows:
(1) The ordinance is in conflict with § 30, Art. XVI, Constitution of the State of Florida.
(2) The ordinance is in conflict with § 27, Art. III, Constitution of the State of Florida.
(3) The ordinance is in conflict with § 11, Art. VIII, Constitution of the State of Florida (which is the Home Rule Amendment) and the Home Rule Charter itself.
Appellant's first point, which alleges conflict with section 30 of Article XVI, is basically an argument that a county board may not regulate utilities because the Constitution of the State of Florida expressly vests this authority in the Legislature. This objection would logically mean that only the Legislature could make any rule relating to public utilities. The point has been determined adversely to the position of the appellant. See City of Plantation v. Utilities Operating Co., Fla. 1963, 156 So.2d 842; Orange City Water Company v. Mason, Fla. 1964, 166 So.2d 449. See also Cooper v. Tampa Electric Co., 154 Fla. 410, 17 So.2d 785 (1944); Miami Shores Village v. Cowart, Fla. 1958, 108 So.2d 468.
Appellant's second point urges that the Board created by the ordinance is illegal because the members are appointed by the Board of County Commissioners. It is urged that this provision is unconstitutional because section 27 of Article III, Constitution of the State of Florida, provides: "The Legislature shall provide for the election by the people or appointment by the Governor of all State and county officers not otherwise provided for by this Constitution * * *." It is apparent that the Home *233 Rule Amendment, § 11, Art. VIII, Constitution of the State of Florida, provides otherwise because it specifies at sub-section (1) (e) that the Charter to be adopted pursuant to the amendment may "provide a method for establishing new * * * governmental units in Dade County * * * and provide for their government * * *." The principle that the Board of County Commissioners of Dade County, as the legislative body for Metropolitan Dade County, may appoint boards to carry out some of its duties under its supervision was approved in State v. Dade County, Fla. 1962, 142 So.2d 79, 86.
Appellant's third attack is three pronged. It urges that the Ordinance is unconstitutional as a violation of the Home Rule Amendment because:
(a) The creation of the Board was a delegation of the legislative power of the County Commission.
(b) The annual permit fee is a tax which is levied contrary to § 11 (1) (b), Art. VIII, Constitution of the State of Florida.
(c) The ordinance is in conflict with a general law on the same subject; to wit, Chapter 367, Fla. Stat., F.S.A.
The argument that the creation of the Board constitutes a delegation of legislative power must fail because the creation of boards for the purpose of regulating public utilities has been approved in Florida. See McRae v. Robbins, 151 Fla. 109, 9 So.2d 284 (1942); and Miami Bridge Co. v. Miami Beach Ry. Co., 152 Fla. 458, 12 So.2d 438, 445 (1943).
The contention of the appellant that the "annual permit renewal fee" is in actuality a tax, need not be determined upon this appeal because the inclusion of a tax in contravention of the Home Rule Amendment would not render the entire ordinance invalid. Bozeman v. City of Brooksville, Fla. 1955, 82 So.2d 729, 730.
The third contention under Point three is that the attempt by Metropolitan Dade County to regulate water and sewage utilities is in conflict with Chapter 367, Fla. Stat., F.S.A. Subsection 6 of the Home Rule Amendment provides that all general laws of the State shall apply to Dade County and shall supersede any provision of any ordinance enacted pursuant to the Charter. An examination of Chapter 367 reveals that the operation of this chapter within a county was expressly made permissive. Until a county elects to make itself subject to the law, the provisions of Chapter 367 are not effective in that county. See Orange City Water Company v. Mason, Fla. 1964, 166 So.2d 449; Orange City Water Company v. Town of Orange City, Fla.App. 1965, 179 So.2d 883; Fla. Stat., § 367.23, F.S.A. There is no showing that Dade County has ever elected to proceed under the general law; therefore, the law is not applicable at the present time in Dade County.
Having reached the conclusion that the appellant has failed to demonstrate error in the ruling of the trial judge upon the merits the final decree appealed is affirmed, not upon the defense of res adjudicata, but upon the holding that the plaintiff, appellant, is denied the injunctive relief because of its failure to establish the unconstitutionality of the ordinance as alleged in the complaint.
Affirmed.
NOTES
[1] The decree states:

"Because it is in the public interest that the validity of the ordinance in question be resolved, the Court has examined the six points raised by plaintiff, in the light of the briefs filed by the parties, and concurs in and adopts the conclusions expressed in Judge Gordon's Order Denying Certiorari."
[2] Art. 5, § 4, Constitution of the State of Florida, F.S.A. Cf., Armstrong v. City of Tampa, Fla. 1958, 106 So.2d 407; Boyd v. County of Dade, Fla. 1960, 123 So.2d 323; Dresner v. City of Tallahassee, Fla. 1961, 134 So.2d 228; and Board of County Commissioners of Dade County v. Boswell, Fla. 1964, 167 So.2d 866.