PIERCE, Judge.
This is an appeal by appellant-plaintiff Ellen V. Ludacer, from an order in favor of appellee-defendant I. R. Ludacer, disposing of respective petitions of the parties to modify a previous final divorce decree respecting alimony.
On February 18, 1964, the Manatee County Circuit Court entered final decree in a suit brought by plaintiff wife against her husband, wherein she was granted a divorce, alimony of $50.00 twice a month, custody of their three minor children, and support money for all three children of $112.50 twice a month. The decree carried forward a written agreement signed by the parties on December 4, 1963, which was attached to the decree and made a part thereof.
On December 6, 1966, defendant, who was a practicing attorney, filed petition for reduction in the amount of alimony, alleg *65 ing that he had “suffered a diminution” in income by virtue of a dissolution of his law firm in September, 1966; that in the same month plaintiff had become “self-sufficient” as a teacher in the public schools of Duval County, prior to which time she had been unemployed as a full time student at the University of South Florida in Tampa; and that such “change in circumstances” of the parties warranted the alimony being reduced.
On December 20, 1966, plaintiff filed her “counter-petition for modification”, alleging that the amounts she was receiving as alimony and child support were “insufficient to fully and adequately provide” for their maintenance, and that defendant was able “to pay increased amounts” for such support and maintenance because he was “a well known practicing attorney, with sufficient income and earnings” to pay an increase.
The Chancellor, after full hearing on the consolidated petitions, entered order on May 24, 1967, finding that subsequent to the final decree plaintiff had “become substantially self supporting” and was “now employed as a full time school teacher”, that defendant’s earnings had “sustained a reduction” and his ability to pay alimony “has diminished” and that plaintiff would thereafter become obligated “for substantial sums” for medical services for two of their children, payment of which would have to be borne by defendant under their original agreement and the final decree. The order recited that the Court had reviewed the proofs “disclosing the financial circumstances of each of the parties * * in reaching its determination.” The order then continued the support money for each of the children of $75.00 per month apiece, but modified alimony payments to plaintiff from $100.00 per month to $25.00 per month. It is from this order that the instant appeal is taken.
The sole point presented here is the propriety of the Chancellor’s modification order, which depends entirely upon the facts before him, as disclosed from the record.
We cannot say the Chancellor abused his discretion in entering the order appealed. His findings, as before stated in substance, were supported by the evidence before him and amply warrant the sole change made, which was in the amount of alimony paid to the wife. She had become “self sufficient” as a full time public school teacher earning almost $5,000 per year, as contrasted with her unemployed status at the time of final decree. Furthermore, there was evidence that defendant’s professional earnings had retrogressed.
The rule is well settled that orders or decrees of trial Courts, particularly those determining factual conflicts, come to this Court with the presumption of correctness, and that if there is any substantial, credible evidence to sustain the action of the trial Judge, we will not re-weigh the proofs or substitute our opinion on the evidence. The Chancellor has a broad area of discretion in determining factual issues in cases generally, particularly in these type cases. The amount of alimony and support payments for a former wife and the minor child is, in every case, a matter of continuing jurisdiction. The trial Court is always open to consider and act upon any material change in the financial circumstances or faculties of the parties, so long as the legal obligation to pay exists.
It is unnecessary to cite authority in upholding the order appealed. Consonant with what we have already said, if plaintiff’s income should become materially changed adversely, or if defendant’s professional practice should show a “streak of prosperity”, the Court would still be open for relief. The modification order now before us is therefore
Affirmed.
LILES, C. J., and ALLEN, J., concur.