KELLY, RICHARD, Associate Judge.
The plaintiff, appellant, Town of Palm Beach Shores, a Florida municipal corporation, brought this case to the trial court seeking injunctive relief on two counts against the defendant, appellee, Colonnades, Inc., a Florida corporation.
The trial court denied the prayer for in-junctive relief on both counts from which this appeal is brought.
The defendant owns and operates a hotel and as one of its facilities, a swimming pool, the operation of which includes a discharge line used for draining water from the pool running out into the Atlantic Ocean. Health department authorities, in response to complaints, obtained samples of seepage emitting from a break in the discharge line at the point where it entered the ocean. Tests of these samples showed that the water being discharged through the line into the waters of the Atlantic was dangerously contaminated with human or animal waste. The defendant took certain steps to correct this condition, sealing off one later *79 al line carrying septic waste into the discharge line and rodding out certain material which it contended had clogged the discharge line at the point where it had entered the ocean. Thereafter the defendant sealed the break in the line which prevented additional tests by the plaintiff as the end of the discharge line lay a considerable distance from the shore line and under several feet of water. Engineers for the defendant testified that they had been successful in eliminating the contaminated discharge. The plaintiff did not receive any additional cooperation from the defendant in acquiring more samples to test the effectiveness of the defendant’s efforts of remedying the problem and no evidence was presented showing subsequent contamination.
The defendant obtained from the plaintiff a building permit authorizing the addition of a boiler to the hotel and at a later time attempted to have the permit modified allowing an incinerator to be constructed instead of the boiler which request was denied both by the plaintiff and the Palm Beach County Health Department. The plaintiff contended that the defendant, without authority, constructed an incinerator. The defendant countered and offered evidence to show that what had been constructed was, in fact, a boiler within the authorization.
The trial court found that the plaintiff had failed to prove that contaminated substances were being emitted from the swimming pool discharge line after the repairs and corrective measures by the defendant had been completed. The trial court’s order did not include a finding on the question related to the construction of a boiler.
There is ample basis in the record to support the findings of fact made by the trial court and its judgment and this court is without authority to substitute its opinion of the evidence. Ludacer v. Ludacer, Fla.App.1968, 211 So.2d 64.
The plaintiff here contends that although the trial court found that:
“ * * * [T]he evidence fails to establish by clear, certain and convincing evidence that irreparable injury will result from the failure of this Court to issue a temporary injunction. * * * ” (Emphasis added.)
the law imposes no such standard and the plaintiff had no such burden of proof at trial. In this the plaintiff is correct. Proof measured by a criteria so described is only required where injunctive relief is sought without bond which shall limit or prevent operations of an “industrial, manufacturing or processing plant”. Section 381.031(4) (b) 1, F.S.1967, F.S.A. As a practical matter, however, the very definition of sanitary nuisance prescribed in Section 386.01, F.S. 1967, F.S.A., may well include all of the elements of such standard although not using the term. The trial judge’s reference to this terminology does not constitute error as the record sustains his judgment.
Plaintiff cites as further error the opinion of the trial court that no authority exists under the provisions of Chapter 381, F.S.1967, F.S.A., which will support the bringing of this action by the plaintiff municipality. In this opinion the learned trial judge is correct.
Certain responsibilities are imposed on the municipalities of Florida and local health and law enforcement officials under the purview of Chapter 381, F.S.1967, F.S.A., by Sections 381.111, 381.121 and 381.311. However, the State Board of Health and the state health officer constitute the policy making and enforcement authority under this chapter and the authority to make application for injunction under this chapter is exclusively given to the board of public health in Section 381.031(4) (b) 1, F.S. 1967, F.S.A., and that this is the legislative intent is specified in Section 381.031(5) wherein it provides:
“ * * * [T]he board shall be a policy-making body and that the above duties, [including making application for injunction to the proper circuit court] policies, *80 rules and regulations of the board shall be carried out by and through the executive secretary and state health officer.”
Affirmed.
REED, J., concurs.
CROSS, J., concurs in conclusion.