317 So.2d 110 (1975)
CITY OF North MIAMI BEACH, a Political Subdivision of the State of Florida, City of North Miami Beach Public Utilities Department, a Dade County, Florida Municipal Entity, Appellant,
v.
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida and Metropolitan Dade County Water and Sewer Board, a Dade County Entity, Appellee.
No. 74-1274.
District Court of Appeal of Florida, Third District.
July 8, 1975.
Rehearing Denied September 10, 1975.
Joseph Nazzaro, City Atty., and Stephen Cahen, Asst. City Atty., for appellant.
Stuart Simon, County Atty., and Stanley B. Price, Asst. County Atty., for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PEARSON, Judge.
The City of North Miami Beach brought a suit against Metropolitan Dade County and the Metropolitan Dade County Water and Sewer Board seeking an injunction to prevent the county and its Board from proceeding with a hearing at which a temporary *111 ban on further connections to the municipal water system would be considered. The suit was unsuccessful. The trial court entered a judgment holding in part as follows:
"... regarding the question of whether Metropolitan Dade County is empowered to regulate the Public Utilities Company owned and operated by the City of North Miami Beach, this Court grants Defendants' Motion for Judgment on the Pleadings and accordingly finds and adjudicates that the Defendant, Metropolitan Dade County, does possess the authority to regulate the City of North Miami Beach's owned and operated water and sewer company."
The City has appealed and the main issue presented is whether Metropolitan Dade County has the statutory authority to interfere with a municipally-operated water system within Dade County. In considering this question, we have had the benefit of oral argument and the briefs of the parties together with an amicus curiae brief filed by the General Counsel for the Division of Health, State of Florida Department of Health and Rehabilitative Services. The appellant City maintains that the question of utility connections is a purely local matter and that the Division of Health and Rehabilitative Services of the State has exclusive jurisdiction over such matters. The appellee County urges that pursuant to the Charter of Metropolitan Dade County (adopted pursuant to Fla. Const. Art. VIII, § 6, schedule § 11, West's F.S.A.) it has the power of county-wide regulation. The Division of Health maintains that it has exclusive jurisdiction over the quality and quantity of water which is being supplied to the people of the State of Florida. We hold that the trial judge correctly determined that under the circumstances of this case the County Commission of Metropolitan Dade County has the authority to issue orders temporarily forbidding further connections to the municipal water system. We, therefore, affirm the judgment appealed.[1]
We have previously determined that Metropolitan Dade County's attempt to regulate the service areas, such as the rates and charges and quality of service of the water companies who serve customers in Dade County is valid. Carol City Utilities, Inc. v. Dade County, Fla.App. 1966, 183 So.2d 227. There the ordinance which created the Metropolitan Dade County Water and Sewer Board was attacked as unconstitutional and in conflict with Fla. Stat., Chapter 367. But as appellant points out, we were dealing there with the County's authority over a privately owned water company.
The City urges that Fla. Stat. § 381.101 et seq., give the Division of Health and Rehabilitative Services exclusive jurisdiction over water quality and services in this state. The attorney for the Division, as amicus curiae, agrees that the Division is supreme but does qualify his position as follows: "... the Legislature intended the Division of Health and its agents would have final responsibility and general supervision and control over all systems of water supply insofar as their adequacy, sanitary and physical condition affect public health." [Emphasis supplied] We need not determine whether the position of the Division is correct. It is sufficient for a determination of this case to point out that the Division's position does not conflict with the position taken here by Metropolitan Dade County. It is clear that the County does not seek to override a validly-exercised state authority. It seeks rather to assert an authority of its own in order "to regulate on a county-wide basis according to a uniform plan those municipal functions that are susceptible to, and could be most effectively carried on under, *112 a regulatory plan applicable to the entire county." See Carol City Utilities, Inc. v. Dade County, Fla.App. 1966, 183 So.2d 227, 232.
Appellant's position that the authority of the Division of Health is exclusive, in our opinion, is not substantiated by the statute (Fla. Stat., Chapter 381; see particularly § 381.101) or by the case law cited. The case of Town of Palm Beach Shores v. Colonnades, Inc., Fla.App. 1968, 216 So.2d 78, cited by appellant, is not determinative because there is no showing that any municipal function was involved.
In City of Miami Beach v. City of North Bay Village, Fla.App. 1975, 313 So.2d 126 (1975), this court pointed out that because of Fla. Stat. § 180.13, a city-owned and operated water plan is exempt from ordinary regulation as to rates. We held there that this exemption does not forbid the courts from exercising a normal supervision of contracts in which the public has a vital interest. It follows from that holding that municipal water plants are not exempt from regulation by Metropolitan Dade County in matters which are county-wide in scope. The actuality of the situation is that water is absolutely essential to life in a modern city. Where the State has created a Metropolitan authority that encompasses many municipalities and grants to that Metropolitan authority ordinary municipal functions that may more efficiently be managed upon a Metropolitan basis,[2] then that authority must be able to exercise control over municipally-owned water systems so that water may be managed upon an area-wide basis.
The City has presented a question based on the pleadings going to the propriety of the order entered and claiming that the issue of the authority of the County was not raised by the pleadings. An examination of the record reveals that the issue was raised and that the question of law presented was the basis of appellant's complaint. We find no error under this point. See the general rule stated in Ewing v. Dupee, Fla.App. 1958, 104 So.2d 672. In addition, we find no question of fact presented that would bar a judgment on the pleadings.
Having examined each of the points raised and finding no reversible error presented, we affirm the judgment appealed.
Affirmed.
NOTES
[1] A previous appearance of this same case in which this court affirmed the dismissal of some of the counts of the complaint is City of North Miami Beach v. Metropolitan Dade County, Fla.App. 1975, 312 So.2d 219 (1975).
[2] See Miami Shores Village v. Cowart, Fla. 1958, 108 So.2d 468.