ERVIN, Judge,
dissenting.
Although the Florida Supreme Court will not grant certiorari review from a per cu-riam affirmance (PCA) without opinion, I nevertheless feel that I have an obligation to the parties before this court to state my reasons for dissent. This is an appeal from the lower court’s order dismissing the appellant’s complaint with prejudice. The majority’s PCA obviously approves the dismissal. I do not.
In 1979, the plaintiff/appellant brought an action against Miley Miers Realty, Inc. and Miley Miers individually, alleging defendants breached a realty contract due to their failure to share with appellant a real estate commission. The trial court directed a verdict in favor of Miers individually, finding that there was insufficient evidence to hold that Miers in his individual capacity was a party to the contract. The ease proceeded to trial against the corporation and the jury rendered a verdict for the appellant against it.
In December, 1980, the appellant filed another complaint against Miers individually, Jeanette Clark, an associate of Miers, and Capital Realty Associates, Inc., a successor corporation to Miley Miers Realty, Inc., alleging in Count I that Miers and Clark converted a portion of the commission belonging to the appellant, and in Count II that Miley Miers Realty, Inc. was dissolved and Capital Realty Associates, Inc. was formed shortly after the verdict as a scheme to defraud the appellant of his portion of the commission; that both corporations were the alter ego of Miers, and, because of defendants’ fraud, appellant sought to pierce the corporate veil. The trial court dismissed Count II of the complaint without prejudice. The appellant did not elect to amend the second count, maintaining on appeal its correctness as originally pled. He did, however, move to amend Count I of the complaint in order to allege a theory of restitution for unjust enrichment. The trial court then granted summary judgment for Miers and Capital Realty on Count I, which included the proposed amendment on res judicata grounds. The court also dismissed with prejudice the proposed amendment to Count I and Count II for failure to state a cause of action. All counts against Clark were dismissed with prejudice for failure to state a cause of action.
In my judgment the principle of res judi-cata is inapplicable as a bar to the later causes of action as there was not the required identity as to them with the prior cause. See Gordon v. Gordon, 59 So.2d 40 (Fla.1952); Prall v. Prall, 58 Fla. 496, 50 So. 867 (1909); McGregor v. Provident Trust Co., 119 Fla. 718, 162 So. 323 (1935); State v. Dubose, 152 Fla. 304, 11 So.2d 477 (1943); Donahue v. Davis, 68 So.2d 163 (Fla.1953); Daniel v. Dept. of Transportation, 259 So.2d 771 (Fla. 1st DCA 1972); Reynolds v. Reynolds, 117 So.2d 16 (Fla. 1st DCA 1959). In *1080 the instant case, notwithstanding facts reflecting that the 1978 law suit and the later complaint arose out of the same transaction, the first trial involved only a breach of contract action, while Count I of the later complaint alleged conversion and unjust enrichment, which sounded in tort and equity respectively. Although the doctrine of collateral estoppel (sometimes referred to as estoppel by judgment), rather than res judi-cata, can be applied as a bar when the respective causes of action are different, Carol City Utilities, Inc. v. Dade County, 183 So.2d 227 (Fla.3d DCA 1976), collateral estoppel only bars a later action involving facts that were actually litigated in the earlier litigation. Gordon v. Gordon, supra; Carol City Utilities, Inc. v. Dade County, supra. The only issue determined in the prior case was that Miley Miers was not liable in his individual capacity because he was not a party to the contract. This finding, in my view, would only preclude a contractual action, and would have no bearing on an individual’s liability as to tortious acts or acts involving a breach of fiduciary duty. Clearly the elements necessary to prove conversion and unjust enrichment, the theories later advanced, were not litigated at the previous trial.
I believe also that all the counts of the complaint state a cause of action. Although the complaint and the attempt to amend it were not artfully drafted, they do, in my judgment minimally state the ultimate facts necessary to obtain relief under modern and liberal rules of pleading. See Fla.R.Civ.P. 1.110(b).