DANAHY, Judge.
The parties dispute the correct interpretation of the rent escalation clause contained in paragraph 5 of their ninety-nine year lease agreement. The first sentence of that paragraph provides that rents shall be increased by the percentage increase, if any, in the level of the official consumer price index. The second sentence provides that each one point increase in the index shall represent a one percent increase in the lease rentals.
The lessee previously appealed an adverse decision of the trial judge to this court and we reversed. Crown Management Corp. v. Goodman, 452 So.2d 49 (Fla. 2d DCA 1984) (Crown I). In Crown I, we found that there was a latent ambiguity and specifically said “the ambiguity arises from the failure to specify which sentence in paragraph 5 controls in determining rent increases.” Id. at 52. We held that the trial judge erred in refusing to consider parol evidence and remanded the case so that the trial judge could consider evidence *1210 previously received and hear any additional evidence bearing on the intent of the parties as to the correct interpretation of paragraph 5.
Pursuant to our remand, the trial judge considered the evidence previously received and heard additional evidence pertaining to the intent of the parties. He then rendered a judgment in which he found that the second sentence of paragraph 5 controls. The lessee again appeals and we affirm.
We find competent and substantial evidence in the record to support the trial judge’s determination. As an appellate court, it is not our function to review the weight of the evidence but, rather, to review the record to determine if it contains competent and substantial evidence to support the ruling of the trial judge. Because such evidence exists in this case, we affirm. Withers v. Flagship Peoples Bank, 473 So.2d 789 (Fla. 1st DCA 1985); Ludacer v. Ludacer, 211 So.2d 64 (Fla. 2d DCA 1968); First National Bank & Trust Co. v. Boyd, 124 So.2d 27 (Fla. 2d DCA 1960).
AFFIRMED.
SCHEB, A.C.J., and LEHAN, J., concur.