473 So.2d 791 (1985)
STAR ISLAND ASSOCIATES, a Florida General Partnership; Ksp Associates, a Florida General Partnership; Star Island Investments, Inc., a Florida Corporation; Koscow Corporation, a Florida Corporation; Sun Bay Homeowners, Inc., a Florida Corporation and Peninsula Development & Investment Corporation, Florida Corporation, Appellants,
v.
Donald LICHTER and Donaldson Homes, a Florida Corporation, Appellees.
No. 84-1820.
District Court of Appeal of Florida, Second District.
August 7, 1985.
*792 David C. Park of Register & Park, Tampa, for appellants.
Susan E. Mellini of Riden, Watson & Goldstein, St. Petersburg, for appellees.
DANAHY, Judge.
The appellants are the developers of a condominium project known as Sailboat Key. The appellees entered into contracts to purchase Sailboat Key units. The appellees thereafter repudiated their contracts and brought this suit for rescission. After a nonjury trial, the trial judge entered a final judgment finding that the appellees had established their case by a preponderance of the evidence and that their Sailboat Key contracts were void under the provisions of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701-1720 (the Act). The final judgment declared that the appellees were entitled to a return of their deposits under the contracts plus prejudgment interest. We affirm in part and reverse in part.
The appellants concede that the Act is applicable to the sale of condominium units in Florida. This court so held in Appalachian, Inc., v. Olson, 468 So.2d 266 (Fla. 2d DCA 1985). They argue, however, that the evidence failed to establish that the Act applied to their sales of Sailboat Key units or, alternatively, that the evidence showed various exemptions in the Act applied which released the Sailboat Key sales to the appellees from the requirements of the Act. We disagree.
We find competent and substantial evidence in the record to support the trial judge's determination. As an appellate court, it is not our function to reweigh the evidence but, rather, to review the record to determine if it contains competent and substantial evidence to support the ruling of the trial judge. Because such evidence exists in this case, we affirm the inherent determination of the trial judge that the Act applies, that no exemption is available to the appellants, and that the appellees are entitled to rescission of their contracts. Withers v. Flagship Peoples Bank, 473 So.2d 789 (Fla.1st DCA 1985); Ludacer v. Ludacer, 211 So.2d 64 (Fla. 2d DCA 1968); First National Bank & Trust Co. v. Boyd, 124 So.2d 27 (Fla. 2d DCA 1960).
The parties agree, however, that the trial judge incorrectly computed the amount of prejudgment interest to which the appellees are entitled. They concur that the interest rate should have been computed at the rate of six percent per annum from September 18, 1980, until July 1, 1982, and at an interest rate of twelve percent per annum from July 1, 1982, until the date of the final judgment. Accordingly, we reverse that part of the final judgment specifying the amount of prejudgment interest with directions that prejudgment interest be recalculated as set forth herein.
AFFIRMED IN PART AND REVERSED IN PART.
SCHEB, A.C.J., and LEHAN, JJ., concur.