## STATE OF FLORIDA v WIANT
### Case No. CJAP89-39
Ninth Judicial Circuit, Orange County
June 20, 1990

### APPEARANCES OF COUNSEL

**Eric H. Faddis, Esquire,** Assistant State Attorney, for appellant.
**James R. Valerino, Esquire,** for appellee.

### OPINION OF THE COURT

R. JAMES STROKER, Circuit Judge.

The State has appealed the order of the trial court granting the Defendant's Motion to Suppress. There is little dispute concerning the facts but considerable debate concerning the legal basis of the trial courts ruling. The ruling of the trial court does come to this court with a presumption of correctness, but it would have been helpful if findings had been made when the suppression was ordered.

The State has strenuously argued that the officer in this case had legal grounds to make a traffic stop, and, once made, had the authority to require identification of the driver. This is correct. *State v Eady,* 14 F.L.W. 392; *Gomez v State,* 317 So.2d 110. However, the trial court apparently found that no traffic stop was ever made since the officer never activated his blue lights and waited until the Defendant pulled into his driveway to approach him. It was presumably the opinion of the trial court that the officer was in the process of investigating possible criminal activity when he approached the Defendant, rather than a tag violation.

The next question is whether the officer actually ever detained the Defendant or simply approached him in a permissible encounter and inquired concerning his identity. Apparently, the trial court found that the officer's activities rose to the level of a detention.

There is a sufficient basis in the factual background for the trial court to determine that the officer was conducting an investigation rather than a traffic stop and that a detention without founded suspicion occurred. Accordingly, that ruling will not be disturbed on appeal even if this court may have ruled differently.

The order of the trial court is *affirmed.*