Dear Senator Bean:
This responds to your request for an opinion of this office concerning Chasewood subdivision.
You advise that the subdivision was originally a private development with private streets, and that subsequently the city took over maintenance of the streets. You further advise that at the end of Chase Island Drive, the home owners association retained a five (5) foot easement to prevent other developers from tying into Chase Island Drive for further development.
You state that someone now wants to develop the area further and needs the connection for access and egress. Consequently, you request an opinion from this office as to whether or not it is legal for the association to keep this five (5) foot easement to prevent tying into a new subdivision. We must first of all advise that the only facts we have are those which are included in your letter, and these facts make us uncertain as to the status of the dedication of Chasewood subdivision and its numerous streets, servitudes and easements and any reservations of rights and ownerships which may have been made. While you state that the subdivision was originally a private development, we note that the plat which you forwarded has been filed and recorded in Caddo Parish, Louisiana, on September 19, 1984, and accepted by the City Council by Resolution No. 212 of 1984. This action which would result in a dedication of the street rights-of-way and easements pursuant to R.S. 33:5051, following formal action by the political subdivision according to law, unless there have been reservations of rights by the owner.
Because we have no abstract of title, we are unable to ascertain whether the home owners association is actually the record title owner of the five (5) foot easement at the end of Chase Island Drive. Assuming this to be the case, and assuming that the easement was not actually dedicated to public use, according to law, it would be perfectly legal for the actual owner to retain the easement and its utilization in the private sector.
However, from our view of the Chasewood subdivision plat with recordation information inscribed thereon, it would appear that there has been an intent to comply with R.S. 33:5051
concerning dedications.
If so, the public has acquired not just a servitude on the dedicated property, but instead an actual statutory dedication which vests full ownership in the municipality, parish or state. See Parish of Jefferson v. Doody, 247 La. 839, 174 So.2d 798 (1965); Arkansas-Louisiana Gas Co. v. Parker Oil Co., 190 La. 957,183 So.2d 229 (1938); Howard v. Louisiana Power Light Co., 583 So.2d 503 (5th Cir. 1991); and Newman v. Livingston Parish Police Jury, 603 So.2d 250 (1st Cir. 1992).
If the dedication has taken place as required by law, the municipality or parish would have the legal authority to determine whether or not the easement was utilized for a tie-in to a new subdivision. If there has been no formal dedication of the subject easement, the private owner would have full legal authority to prevent the proposed interconnection of streets across the private easement, according to its purpose.
Should the area of the easement be deemed essential for a public project, the governing body could expropriate it upon payment to the owner of just compensation, according to its value. La. R.S. 19:1 et seq.; La. Const., Art. I, Sec. 2 and Sec. 4.
We hope this opinion is of benefit to you and if we may be of further assistance, please advise us.
Very truly yours,
 GARY L. KEYSER, Chief Lands and Natural Resource Section
GLK/mm