ERVIN, Justice.
Orange City Water Company, a Florida corporation, as Petitioner sought an alternative writ of mandamus against the Florida Public Utilities Commission, a state agency, Respondents. This Court author *450 ized issuance of the writ. The case was argued upon the writ and return and motion to quash of the Respondents.
Briefly stated, the facts are: In February 1963 Petitioner applied to Respondents for a certificate of public convenience and necessity to operate a water company within the corporate limits of Orange City, Volusia County, Florida, pursuant to the provisions of Chapter 367, Florida Statutes, F.S.A. The same month the Respondents rejected the application on the ground it “now has no jurisdiction over1 water and sewer utilities in Volusia County.” Chapter 367 purports to bring all privately owned water and sewer systems .under the regulatory control of the respondents. This law becomes effective ill a c'ounty “immediately upon the adoption by the board' of. county commissioners * * * of a resolution declaring-that such county is subject to the provisions of this law and the submission of said resolution to the Florida utilities commission.” In September 1959 the Board of County Commissioners of Volusia County adopted the prescribed resolution and submitted it to. the Respondents. Chapter 367 (Ch. 59-372) is a general act that became effective on-June 18, 1959. Two days later, on June 20, 1959, Chapter 59-1958, a special act,, became effective. This special act provides for the regulation by the Board of County Commissioners of Volusia County of water, sewer and other utilities in Volusia County, “but outside the limits of any municipality.”
Because the Legislature by the special act removed from the regulatory jurisdiction of the Respondents private water companies operating in unincorporated areas of Volusia County and gave such authority to the Board of County Commissioners of Volusia County, the Respondents contend they are not required to honor Petitioner’s application. We can find no basis for this contention. Respondents do not challenge the constitutionality of Chapter 367. Neither is it challenged by the municipal authorities of Orange City, in which Petitioner operates, or by any other party.
Absent a showing of unconstitutionality or a logical construction of the statute to the contrary, we see no reason not to implement the statute as Petitioner demands. Merely because the Legislature carved out of the general law by the special act the authority of the Respondents to regulate private water companies in unincorporated areas of the county in nowise renders nugatory the remaining provisions of the general law. Under the latter, it appears Respondents have a duty to honor the Petitioner’s application. Because a part of the regulatory jurisdiction of Respondents was cancelled out by enactment of the special act, it does not follow that all of their authority stands repealed. The wisdom or policy of the statutes involved are beyond the concern of the Court.
Other contentions of the Respondents respecting laches, lack of necessary parties and that the Petitioner has other adequate legal or equita.ble remedy, have been carefully considered.
Inasmuch as the governing statute remains operative and available to any applying private water company operating within a municipality and the resolution of the County Commissioners remains unre-scinded and in effect, and conditions precedent have been satisfied, we do not believe the claim of laches is applicable. It is claimed that the municipality of Orange City is a necessary party. While conceding the City could have intervened in the cause, it does not appear to be a necessary or indispensable party, inasmuch as the issue is whether the Respondents have jurisdiction over Petitioner. If they have, the City does not and the latter therefore is not a necessary party for the adjudication of the case. Mandamus appears to be an appropriate remedy against a state officer or officers who refuse to perform a statutory duty.
The motion to quash is denied and peremptory writ is granted.
DREW, C. J., and THOMAS, ROBERTS and CALDWELL, JJ., concur.