CARROLL, DONALD K., Judge.
The defendant in a suit for declaratory-relief has appealed from a final decree entered by the Circuit Court for Volusia County declaring that it was subject to the rate-making power of the plaintiff, a municipality, rather than that of the Florida Public Utilities Commission.
The ultimate legal question for determination in this appeal is whether, when a board of county commissioners has by resolution invoked the provisions of Chapter 367, Florida Statutes, F.S.A., bringing the water systems in the said county under the jurisdiction of the Florida Public Utilities Commission, the said board’s subsequent repeal of such resolution has the effect of ousting such jurisdiction.
The timetable of events pertinent to the determination of the foregoing question is essentially as follows:
For many years prior to March 6, 1964, the appellant, the Orange City Water Company, a Florida corporation, hereinafter referred to as “the water company,” was engaged in the business of distributing water to the inhabitants of the Town of Orange City, the appellee, a municipal corporation organized and existing under the laws of Florida, hereinafter referred to as “the city,” pursuant to a franchise granted by the city. After the expiration of the franchise on the mentioned date the water company promulgated a schedule of rates for water distributed to the said inhabitants, but the council of the city, considering such rates to be excessive, on August 10, 1964, adopted an ordinance prescribing maximum rates which the water company could charge the said inhabitants, in accordance with the authority granted to municipalities in Florida under Section 167.S7, Florida Statutes, F.S.A. (unless the said statute, as the water company contends, was superseded by Chapter 367, Florida Statutes, F.S.A., which we will next discuss).
Five years earlier, in 1959, the Florida Legislature had enacted a law known as the “Water and Sewer System Regulatory Law,” reported as Chapter 367, Florida Statutes, F.S.A., which law vests exclusive jurisdiction in the Florida Public Utilities Commission, a state agency, to regulate privately-owned water and sewer systems in those counties of Florida in which the boards of county commissioners have taken the action contemplated in Sec. 367.23, which reads as follows:
“367.23 Effectiveness dependent on resolution by board of county commissioners. — The provisions of this law shall become effective in a county of this state immediately upon the adoption by the board of county commissioners of such county of a resolution declaring that such county is subject to the provisions of this law and the submission of said resolution to the Florida public utilities commission.”
After the enactment of Chapter 367, and in accordance with the just-quoted provision, the Board of County Commissioners of Volusia County on September 3, 1959, adopted a resolution placing that county under the said chapter. The board then duly submitted this resolution to the Florida Public Utilities Commission in accordance with the said provision. At a meeting held on June 26, 1964, however, the said board adopted a further resolution repealing, rescinding, and vacating the previous resolution which it had adopted on September 3, 1959.
In the meantime the water company, after the adoption of the first resolution on September 3, 1959, applied for regulation by the Florida Public Utilities Commission under Chapter 367, but that commission rejected the application on the ground that a special act also adopted by the Florida Legislature at its 1959 session (Chapter 59-1958, Special Acts of 1959, providing for the regulation by the Board of County Commissioners *885 of Volusia County of water and sewer utilities in that county outside of the limits of any municipality) operated to eliminate the jurisdiction of the Florida Public Utilities Commission in Volusia County. Thereupon the water company instituted in the Supreme Court of Florida an original proceeding in mandamus against the Florida Public Utilities Commission to require it to take jurisdiction of the said operations. In an opinion filed on July 13, 1964, the Supreme Court held that the said special act ■did not divest the Florida Public Utilities ■Commission of jurisdiction within Volusia County municipalities. Orange City Water Co. v. Mason, Fla., 166 So.2d 449. The city, which was not q. party to this mandamus proceeding, a few days thereafter filed rtherein a motion to intervene and to suggest •that the controversy was moot and that the issuance of the peremptory writ be suspended. The Supreme Court, however, •struck this motion as not consistent with the .appellate rules “but without prejudice to .any rights which the movant might assert ■in an appropriate proceeding in the trial ■court.” On August 3, 1964, the Supreme ■Court issued a peremptory writ of manda■mus ordering the Florida Public Utilities •Commission to take jurisdiction of the ■water company’s operations.
Four days later the water company filed its second application with the Florida Public Utilities Commission for rate-making adjudication, and the application was duly accepted and docketed. Three days after such filing, on August 10, 1964, the council of ■the city passed the ordinance mentioned near the beginning of this opinion, setting water rates, with a $300 fine for each billing or collection by the water company in violation of such rates. In the vivid words of the water company’s brief herein: “With the jurisdictional battle lines thus drawn, plaintiff entered the lists with this declaratory judgment action.”
In our effort to resolve this jurisdictional •dilemma, we first examine closely the decision of the Supreme Court of Florida in the above-discussed mandamus proceeding, Orange City Water Co. v. Mason, Fla., 166 So.2d 449, to see whether the court therein threw any light on the question of whether the Board of County Commissioners of Volusia could effectively rescind its resolution of September 3, 1959, declaring that the said county is subject to the provisions of Chapter 367. The city emphatically claims in this appeal that that opinion does throw such light and stresses the words “remains unrescinded and in effect” in the following quotation from that opinion:
“Inasmuch as the governing statute remains operative and available to any applying private water company operating within a municipality and the resolution of the County Commissioners remains unrescinded and in effect, and conditions precedent have been satisfied, we do not believe the claim of laches is applicable.” (166 So.2d at page 450).
In this appeal the water company contends, of course, and we agree, that the Supreme Court’s reference in the just-quoted portion of its opinion to the resolution of the County Commissioners remaining “unrescinded and in effect,” was obiter dictum and not binding upon us in the present consideration because the question of the rescission of the resolution was not before the Supreme Court in that case. Tn its opinion the court discusses the resolution adopted by the Board of Commissioners of Volusia County on September 3, 1959, declaring the county subject to Chapter 367, but does not mention any later resolution of the said board repealing or attempting to repeal the former resolution. Immediately after the portion of its opinion quoted above, the Supreme Court said the following concerning the issue before it and the city’s relation to such issue:
“It is claimed that the municipality of Orange City is a necessary party. While conceding the City could have intervened in the cause, it does not appear to be a necessary or indispensable *886 party, inasmuch as the issue is whether the Respondents have jurisdiction over Petitioner. If they have, the City does not and the latter therefore is not a necessary party for the adjudication of the case. Mandamus appears to be an appropriate remedy against a state officer or officers who refuse to perform a statutory duty.”
The real judicial problem before the Supreme Court in the Mason case was to determine the effect which the special act (Chapter 59-1958, discussed above) had upon the jurisdiction under Chapter 367, of the respondents therein (the members of the Florida Public Utilities Commission) over the water company, operating in a municipality in Volusia County. As mentioned above, the said special act provides for the regulation by the Board of Commissioners of Volusia County of water, sewer, and other utilities “but outside the limits of any municipality.” The said special act became effective as a law on June 20, 1959, two days after the said Chapter 367 became effective as a general law. After pointing out that, because a part of the regulatory jurisdiction of the respondents was cancelled by the enactment of the special act, it does not follow that all of their authority was thereby repealed, the Supreme Court recognized the following fundamental principle of statutory construction (which principle we also must apply in the present consideration) : “The wisdom or policy of the statutes involved are beyond the concern of the Court.” The §upreme Court then denied the respondents’ motion to quash and granted the peremptory writ of mandamus requiring them to accept jurisdiction over the water company pursuant to Chapter 367.
Having reached the conclusion that the Supreme Court’s decision in Orange City Water Co. v. Mason, supra, is not decisive of the issue before us in the instant appeal, we carefully examined all of the provisions in Chapter 367, Florida Statutes, F.S.A., in an endeavor to ascertain the intent of the Florida Legislature in enacting that law, particularly its intent as to the effectiveness of the repeal of a resolution adopted pursuant to Section 367.23. We find not a. word in any of the provisions of the chapter that appears to throw the slightest light on: the latter intent, other than whatever inference may be reasonably gleaned from the-fact that, under Sec. 367.23, quoted above,, the effectiveness of the chapter in a county is made dependent upon the approval of that county’s board of county commissioners, as expressed in a resolution adopted and' submitted by the board pursuant to the said’ section.
Thus, the one legislative intent that is clearly expressed in Section 367.23 is that the provisions of Chapter 367 shall not apply in any of the 67 counties of the state until and unless the board of county commissioners of a particular county should adopt and submit the resolution contemplated in that section. Certainly the members of the 1959 Legislature, which enacted' Chapter 367, were fully aware that in every county the members of the board of county commissioners were subject to election by the citizens of the county and hence the membership, complexion, and political and economic views of such board were subject to change at each election, if not more frequently, particularly with respect to the public utilities serving the inhabitants of the-county. Nevertheless, the legislators inserted no provision in Section 367.23, or elsewhere in Chapter 367, that such a resolution, once adopted by a board of county commissioners, would perpetually bind all of its successor boards, which would be powerless ever to rescind such resolution effectively. If the Legislature had intended that result, it could have readily framed a provision to that effect.
In such a situation, since we must determine a question not expressly covered by the statutory provisions, we must resort to the established general principles that have-been recognized by courts facing similar or analogous problems of statutory construction.
One of such principles is that recognized! and applied by the Supreme Court of Flor *887 ida in Parker v. Evening News Publishing Co., 54 Fla. 544, 45 So. 309 (1907). The statute involved in that case was Section 558 of General Statutes of Florida of 1906, which provided for the advertising and selling of real estate for unpaid taxes, and required the publication of the delinquent tax list in a newspaper, “said newspaper to 'be selected by the board of county commissioners.”
In the said Parker case the Evening News Publishing Company filed a complaint in the Circuit Court for Hillsborough County .against the county commissioners and tax collector of that county, in which complaint •the company alleged that on January 8, 1907, the said county commissioners had adopted a resolution awarding the printing ■of the delinquent tax list for the said county for the year 1907 and all other legal printing that came under their jurisdiction for that year to a newspaper known as the Evening News of Tampa, which duly approved and .accepted the contract; that on January 24, 1907, one Stovall, by mesne conveyances, became the owner of the newspaper’s assets, including the said contract; that on February 6, 1907, at its regular February meeting, the said board of county commissioners passed a motion to reconsider the letting of the public printing; and that afterwards the said Evening News Publishing Company acquired all of the rights and interests of the ■said Stovall to the said assets, including the said contract and the said designation. According to the statement of facts in the Supreme Court’s opinion, the said complaint ’ further contained allegations that the action of the board in passing the said motion to reconsider on February 6, 1907, “was in violation of the aforesaid contract * * * ” and that “said resolution was passed without authority of law, in so far as the printing of the delinquent tax list for the year 1906, for the reason that the board of county commissioners had already selected the Evening News as the newspaper in which to publish same * * The plaintiff in that complaint also alleged that, because of the said designation, it “has gone to great expense in equipping itself for the services to be performed under said contract and designation.”
In the said Parker case the key issue, of course, was the right and power of a board of county commissioners, once it had designated a newspaper pursuant to the above-quoted provision of Section 558, General Statutes of Florida of 1906, to reconsider or repeal such designation by a subsequently-adopted resolution. With reference to the said issue, the Supreme Court, after pointing out that the powers and duties of county commissioners are purely statutory under the Florida Constitution, recognized and applied the following principles:
“The power given to the county commissioners by the statute to designate implies discretion, and includes the power to reconsider and to redesignate, when private rights are not directly injured, if the interests of the public require it; and the action of such officers is presumed to be in good faith for the public good.”
The Supreme Court then reversed the Circuit Court’s order granting a temporary injunction against the defendants.
While the facts involved in the above Parker case differ in many respects from those in the case at bar, we are inclined to the view that the principles embodied in the portion of the Supreme Court’s opinion quoted just above are equally applicable to the problem before us in the present appeal. Paraphrasing the Supreme Court’s language quoted above, we have reached the conclusion that the power given to county commissioners by Section 367.23, Florida Statutes, F.S.A., to adopt a resolution invoking the provisions of Chapter 367 implies a discretion in those commissioners and includes the power to repeal such a resolution, when, as we think is true here, private rights are not directly injured, if the interests of the public require it; and we recognize the presumption that the action of the commissioners in so repealing the *888 resolution is in good faith and for the public good.
In their briefs filed in this appeal the parties have cited no cases, and our independent research has revealed none, in which a court has directly ruled upon a question truly similar to that before us — the right of the governing body of a political subdivision of a state effectively to rescind a resolution which invoked the provision of a statute pursuant to its terms. As to that question, the instant case is apparently a case of first impression in this state, if not elsewhere.
Many logical arguments, both pro and con, readily rush to the mind as to whether a county board’s resolution adopted pursuant to Section 367.23 should be permitted to be subject to effective rescission by a later resolution of the board. If it is thus rescissible, the argument can be made that great confusion and uncertainty could result from a rescission to the public and the utility, as well as inconvenience and wasted effort to the Florida Public Utilities Commission; and such a power in the county board would in effect endow it with a veto power over the actions of the said Commission in the county. On the other hand, if such a resolution is not subject to effective rescission, the undemocratic result would be that the citizens of the county, once a politically-elected board of county commissioners had adopted the required resolution, would be helpless, through the election of the members of subsequent boards, to undo the effect of such resolution, no matter how drastically the conditions in the county may have changed in the meantime.
The answer to the foregoing arguments, pro and con, is that they are arguments that properly should be addressed to the legislative, not the judicial, branch of the government. In the words of the Supreme Court of Florida in Orange City Water Co. v. Mason, quoted above, the wisdom and policy of this legislation is not a matter of concern to this court.
Conceding that the answer to the question before us in this appeal is not free from uncertainty and is fairly debatable (especially in legislative chambers) we have reached the conclusion that the chancellor correctly held that the resolution adopted by the Volusia County Board of County Commissioners on June 26, 1964, effectively rescinded its resolution of September 3, 1959, so that, upon such rescission, the provisions of Chapter 367 became no longer applicable in Volusia County, and the city council’s regulatory powers over the operations of the water company in the city under Section 167.57, Florida Statutes, F.S.A., were effectively restored to the city. Therefore, the final decree appealed from herein should be and it is
Affirmed.
RAWLS, C. J., and SMITH, SAMUEL S., Associate Judge, concur.