DREW, Justice.
We have heretofore issued a writ of certiorari, based on conflict, to review the decision of the District Court of Appeal, 1st District, reported as Orange City Water Company v. Town of Orange City, Fla. App.1965, 179 So.2d 883. The facts are set out in that opinion and will not be repeated here. The ultimate question also, if jurisdiction is established, is that presented in the District Court:
“The ultimate question for determination * * * is whether, when a board of county commissioners has by resolution invoked the provisions of Chapter 367, Florida Statutes, F.S.A., bringing the water systems in the said county under the jurisdiction of the Florida Public Utilities Commission, the said board’s subsequent repeal of such resolution has the effect of ousting such jurisdiction.”
The District Court resolved this question in the affirmative in reliance on *308 Parker v. Evening News Publishing Co.[1] Parker involved Section SS8 of the General Statutes of Florida, 1906, which provided for the advertising and sale of real estate for unpaid taxes, and required publication of the delinquent tax list in a newspaper to be selected by the board of county commissioners. The board designated a particular newspaper by resolution and thereafter passed a resolution to reconsider the letting of the public printing including the delinquent tax list. This Court said:
“The power given to the county commissioners by the statute to designate implies discretion, and includes the power to reconsider and to redesignate, when private rights are not directly injured, if the interests of the public require it; and the action of such officers is presumed to be in good faith for the public good.”
From this the District Court concluded that the power given to county commissioners by Section 367.23, Fla.Stat., F.S.A., to adopt a resolution invoking the provisions of Chapter 367 implies a discretion in them to rescind such a resolution and de-activate the chapter as to their county.
The type of discretion entrusted to the commissioners in Parker was a ministerial one involving the carrying out of the express terms of the act. We have long held that delegation of such matters does not constitute an unlawful delegation of legislative powers. Ex parte Lewis;[2] Bailey v. Van Pelt.[3] However, this is not the type of discretion which, by implication, could be exercised by the county commissioners under the facts in this case. To so hold would give them authority to repeal the act of the Legislature insofar as it applied to Volusia County. Obviously, this is no ministerial act in aid of enforcement as was involved in Parker.
It seems to us that the District Court misapplied the rule of Parker to the facts of the case sub judice. We, therefore, have jurisdiction based on conflict of the type elucidated in Pinkerton-Hays Lumber Co. v. Pope.[4]
The local option feature of Ch. 367, Fla.Stat., F.S.A. is not an unlawful delegation of legislative power but merely permits the counties through their boards of county commissioners to decide whether the provisions of the complete statute shall become operative as to the county they represent. Whitaker v. Parsons;[5] 6 Fla. Jur., Const.Law § 1SS.
The District Court stated that the question of whether a local option feature of a statute carried with it, by implication, the right to rescind its operation was of first impression in this jurisdiction. We, too, have been unable to find a Florida case directly on point on this matter. The closest case seems to be Stewart v. Stone [6] which involved a special act, the map and plat law of Volusia County. The act was to apply only to the county commissioners’ districts designated by the board of county commissioners. We there said that “The county commissioners have no power to make or amend the law or to add to it in any manner.”
However, we have found an all-fours case from another jurisdiction and find its reasoning persuasive. In Northern Trust Co. v. Snyder[7] the local option law was one permitting the counties, at their election to switch from paying sheriffs on a fee basis to a straight salary. It was argued that, having once come under this *309 statute, a county might, later, go back to the fee system. The court said:
“The act enabling counties to abolish the old way of compensating sheriffs, in other words to change from the system ‘prescribed by law,’ seems to be like any ordinary option law, giving to municipalities the power, severally, to say when it shall take effect therein. The power to adopt is a special, limited power, which, once executed, is exhausted. We ■venture to say that no authority can be produced to support the contention ■that power to give effect to an option law [carried] with it, by implication, power to abolish it.”
In accord with this is Holt Lumber Co. v. City of Oconto[8] and 1 McQuillin, Municipal Corporations (2nd ed.) § 149.
Respondent has called our attention to the following language which appeared in .a former decision of this Court concerning this same statute :[9]
“Inasmuch as the governing statute remains operative and available to any applying private water company operating within a municipality and the resolution of the County Commissioners remains unrescinded and in effect, and conditions precedent have been satisfied, we do not believe the claim of laches is applicable.” (Emphasis supplied.)
The question of the power of the county commissioners to rescind this resolution in the. cited case was not at issue and the language used is purely gratuitous and falls within the classification of obiter dictum; as such, it is not binding on this Court as a judicial precedent.
We hold that the resolution of the board of county commissioners repealing its resolution adopting Ch. 367, Fla.Stat., F.S.A. was of no legal effect and did not oust the jurisdiction of the Florida Public Utilities Commission to regulate privately-owned water and sewer systems in Volusia County.
The decision of the District Court of Appeal is hereby quashed and the cause remanded for further proceedings in. ac-' cordance with the views herein expressed.
THORNAL, C. J., and O’CONNELL and CALDWELL, JJ., concur,
ERVIN, J., dissents.

. 1907, 54 Fla. 544, 45 So. 309.

. 1931, 101 Fla. 624, 135 So. 147.

. 1919, 78 Fla. 337, 82 So. 789.

. Fla.1961, 127 So.2d 441.

. 1920, 80 Fla. 352, 86 So. 247.

. 1961, 130 So.2d 577.

. 1902, 113 Wis. 516, 89 N.W. 460.

. 1911, 145 Wis. 500, 130 N.W. 709.

. Orange City Water Co. v. Mason, Fla.1964, 166 So.2d 449, 450.