DEKLE, Justice.
This cause is before us on direct appeal from the Circuit Court of Volusia County. Appellant brought this action for declaratory relief because of “doubt as to its rights and status in relation to the Town of Orange City and the Florida Public Service Commission” by reason of Ordinance No. 64-3-1, enacted by the Town of Orange City and House Bill No. 2117, Chapter 67-1815, a Special Act of the Florida Legislature, enabling Orange City to regulate water rates within its corporate limits on the one hand; and on the other, Fla. Stat. Ch. 367, F.S.A. Water and Sewer System Regulatory Law, granting “exclusive jurisdiction” of such regulation to the Public Service Commission.
Appellant water company unsuccessfully sought a declaration that the aforesaid Special Act (Ch. 67-1815) is unconstitutional on its face as class legislation (not being applicable to other water companies) and, therefore, violates petitioner’s constitutional right to equal protection under the law. We have jurisdiction pursuant to Fla. Const, art. V, § 4(2), F.S.A.
For an understanding of appellant’s dilemma, we must first look briefly at the 12-year history of this contest. In 1959, the Florida Legislature first enacted the “Water and Sewer System Regulatory Law,” now Fla. Stat. Chapter 367. Two days later, the Legislature adopted Chapter 59-1958, Laws of Florida, a Special Act, giving the County Commissioners of Volu-sia County independent authority to regulate sewer and other utilities in Volusia County outside the limits of any municipality. Thereafter, on March 16, 1964, the appellee, Orange City, enacted the aforementioned Ordinance No. 64-3-1 in question. This ordinance prescribes maximum rates and charges for the supply of water furnished by appellant within Orange City.
The 1959 Fla.Stat. § 367.21, F.S.A. had provided for the exclusive regulation by the Public Service Commission (hereafter P.S.C.) of all privately-owned water and sewer systems within the State of Florida, with exceptions not here relevant. Chapter 367 also had provided that jurisdiction in the P.S.C. would vest upon the adoption *259 by the Board of County Commissioners of each county of a resolution declaring that such county is subject to the provisions of Chapter 367 and the submission of said resolution to the P.S.C. In September 1959, the Volusia County Commissioners adopted and submitted the necessary resolution to bring said county under the jurisdiction of the P.S.C.
Thereafter, appellant water company submitted an application to the P.S.C. for a rate-making proceeding. However, said application was rejected by the P.S.C. on the ground that Chapter 59-1958 (the special act giving the county independent regulatory authority) had entirely divested the P.S.C. of jurisdiction over public utilities in Volusia County. Appellant brought an action for mandamus against the P.S.C. On July 13, 1964, the Supreme Court of Florida held that although the aforesaid special act divested the P.S.C. of jurisdiction over areas in Volusia County outside municipalities, it did not divest the Commission of jurisdiction over public utilities within Volusia County municipalities. Orange City Water Co. v. Mason, 166 So.2d 449 (Fla. 1964). In the meantime, on June 26, 1964, (with seeming clairvoyance) the Volusia County Commissioners adopted a resolution purporting to repeal said Commissioners’ earlier resolution activating Chapter 367 in Volusia County in the first place.
On August 7, 1964, the appellant again filed a rate-making application with the P.S.C. which application this time was accepted and docketed as No. 7635-W. Orange City then filed a declaratory judgment action in the Circuit Court of Volu-sia County, seeking a determination as to the validity of the Volusia County Commission’s aforesaid resolution of June 26, 1964. The Circuit Judge ruled in favor of the Town and held valid the Volusia County Commission’s repeal of its earlier resolution, and the DCA affirmed. Orange City Water Co. v. Town of Orange City, 179 So.2d 883 (1st DCA Fla.1965). We reversed and held that the power to give effect to an option law does not carry by implication the power to abolish it; and that therefore the “resolution of the board of county commissioners repealing its resolution adopting Ch. 367, Fla.Stat., F.S.A. was of no legal effect and did not oust the jurisdiction of the Florida Public Utilities Commission.” Orange City Water Co. v. Town of Orange City, 188 So.2d 306 (Fla.1966). The P.S.C. now had jurisdiction pursuant to Chapter 367 to regulate public utilities in Volusia County.
This brings us “full circle” to the first mentioned special act in question, House Bill No. 2117, Chapter 67-1815, Laws of Florida, which became law on August 4, 1967. This is the latest (third) attempt to divest the P.S.C. of regulatory jurisdiction over water rates in the Town of Orange City by this newest special act. It will not work.
This Chapter 67-1815 relied on by ap-pellee, along with all other laws on the subject, were expressly superseded by a new, complete rewrite of the Water and Sewer System Regulatory Law in 1971 (Ch. 71-278 effective September 1, 1971). It particularly provided: “This chapter shall supersede all other laws on the same subject” [emphasis ours], Fla.Stat. § 367.011(4) (1971), F.S.A. The underlined portion of the above quotation clearly indicates that the Legislature intended its 1971 total revision to supersede all other laws on the same subject, whether special or general.[1] Inasmuch as the able Circuit *260 Judge entered his final judgment prior to the enactment of Chapter 71-278, he could not have considered the effect of this new Act.
The Revised Act by Fla.Stat. § 367.171 (2) (1971), F.S.A. lists SO counties that, due to variance in size, duties, etc., are excluded from the provisions of the act until such time as the Board of County Commissioners of each of the named counties, acting pursuant to the provisions of § 367.171(1), shall make the chapter applicable to such county by resolution of the County Commission. Volusia was not one of the 50 counties listed, so that no resolution of the Board of County Commissioners of Volusia County was required before coverage of the Act was extended to Volusia County by the terms of the Revised Act’s provisions.[2] This intention is reinforced by the language of §§ 367.011(2) and (3) :
(2) The Florida public service commission shall have exclusive jurisdiction over each water/sewer utility with respect to its authority, service, rates and issuance and sale of its securities maturing more than twelve months after date of issue, except as provided in this chapter.
“(3) The regulation of water/sewer utilities is declared to be in the public interest, and this law is an exercise of the police power of the state for the protection of the public health, safety and welfare. The provisions of this law shall be liberally construed for the accomplishment of this purpose.”
In view of this disposition of the case under new Chapter 71-278, we do not need to reach the constitutional question raised by appellant. It is well settled that this Court will not decide the constitutionality of a statute where its decision can rest on other grounds. State ex rel. Losey v. Willard, 54 So.2d 183 (Fla.1951); Peters v. Brown, 55 So.2d 334 (Fla.1951).
Accordingly, the final judgment is reversed and, since Chapter 67-1815, Special Acts of Florida, was superseded by new Chapter 71-278, vesting exclusive regulation in the P.S.C. over water and sewer rates and service in all of Volusia County— including its municipalities — , the Appellee Town of Orange City is without authority to regulate or to fix rates of Appellant Water Company.
The cause is remanded to the Circuit Court of Volusia County for entry of judgment accordingly.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, ADKINS, BOYD and McCAIN, JJ., concur.

. The Legislature’s complete revision of a subject is an implied repeal of earlier acts dealing with the same subject unless a contrary intent is clearly shown. Where an act is intended to cover an entire subject of legislation it operates to repeal all former acts dealing with the same subject. Realty Bond & Share Co. v. Englar, 104 Fla. 329, 143 So. 152 (Fla. 1932) ; Atkinson v. State, 156 Fla. 449, 23 So.2d 524 (1945) ; Brevard County v. Board of Public Instruction of Brevard County, 159 Fla. 869, 33 So.2d 54 (1948) ; State ex rel. Limpus v. Newell, 85 So.2d 124 (Fla.1956).

. In addition, Volusia County had already acted by appropriate resolution under the original Act (Ch. 367) to vest jurisdiction in the P.S.C.