Wilson W. Wright Association Counsel
William J. Roberts General Counsel State Association of County Commissioners of Florida Tallahassee
QUESTIONS:
1. Does Volusia County after its adoption of part II of Ch. 163, F. S., have the authority to adopt zoning ordinances independent of, and inconsistent with, part II of Ch. 163?
2. Does Volusia County have authority to rescind its adoption of the zoning and subdivision powers and procedures prescribed by part II of Ch. 163?
SUMMARY:
When a county (in this case, Volusia) elects to adopt the provisions of part II, Ch. 163, F. S., governing zoning and planning, thereafter that county must proceed in compliance with part II for all the county's planning and zoning. Once a county has elected to proceed under part II, it cannot legally repeal the county's adoption and proceed independently to adopt zoning, subdivision planning, or other codes or regulations which are inconsistent with part II.
Both of your questions are answered in the negative.
AS TO QUESTION 1:
Once the governing board of a county elects to adopt the provisions of part II of Ch. 163, F. S., that county must proceed in compliance with part II for all the county's planning and zoning.
Questions were raised in the enclosed Memoranda of Law concerning the validity of the ordinance adopting part II of Ch. 163, F. S. (Ord. No. 72-2). This office cannot rule on the validity of Volusia County's Ord. No. 72-2. An ordinance enacting a comprehensive zoning code is presumptively valid. See City of Miami v. Kayfetz, 92 So.2d 798 (Fla. 1957); Parkway Facilities v. City of Miami Beach, 88 So.2d 141 (Fla. 1956); Wiggins v. City of Jacksonville, 311 So.2d 406 (1 D.C.A. Fla., 1975); and Seaboard Air Line R. Co. v. Hawes, 269 So.2d 392 (4 D.C.A. Fla., 1972). Therefore, until judicially determined otherwise, this opinion is premised upon the assumed validity of Ord. No. 72-2. Its validity is now a judicial question, and any such determination by this office would be of no conclusive force or effect and would constitute an unwarranted intrusion into the judicial province. Therefore, until judicially determined to the contrary, this opinion is premises upon the assumption of validity accorded to Volusia County Ord. No. 72-2.
The governing board of Volusia County has unequivocally and without limitation elected to adopt and proceed under part II of Ch. 163, F. S. Section 46-2 of Ord. No. 72-2, in relevant part, provides:
 The County Council of Volusia County, Florida, pursuant to authority conferred on it by Article VIII, Section 1(g) of the Constitution of the State of Florida, Article II, Section 201, Article II, Section 202.03(3), and Article III, Section 307(2) of the Charter of Volusia County, Florida; and Florida Statutes, Chapter 125, Section 125.01, Chapter 163, Part II, and Chapter 177, Section 177.01, ordains that the following articles and sections shall be and are hereby adopted. Pursuant to Florida Statutes, Section 163.315, the county council hereby declares its election to proceed under Part II of Florida Statutes, Chapter 163. (Emphasis supplied.)
After a county has made such an election to proceed pursuant to part II, Ch. 163, F. S., for any of the county's planning regulations, it must thereafter proceed in compliance with part II, Ch. 163, for all of the county's planning regulations. A county cannot pick and choose which portions of a comprehensive program established by the Legislature it wishes to comply with. And since Volusia County has elected to adopt part II, Ch. 163, any question as to any independent authority the county may have possessed prior to such adoption is moot.
The paramount rule for statutory construction is that legislative intent must be determined and effectuated, if possible. See Lewis v. Mosley, 204 So.2d 197 (Fla. 1967); Armstrong v. City of Edgewater, 157 So.2d 422 (Fla. 1963); and Florida State Racing Comm. v. McLaughlin, 102 So.2d 574 (Fla. 1958). Nothing in part II of Ch. 163, F. S., evinces a legislative intent to allow local government to adopt in a piecemeal fashion portions of part II which are convenient to their immediate purpose. Any election to proceed pursuant to part II, Ch. 163, must be unequivocal; part II is thereafter binding, in its totality, upon the county for all its planning regulations, whether for subdivisions, zoning, or other codes or regulations countenanced by part II, Ch. 163. See
s. 163.160.
Section 163.315(2), F. S., provides that `after [Part II of Ch. 163] becomes effective in any county or municipality, such resolutions and ordinances shall be administered under the provisions of this act, and any amendments to any such county or municipal ordinance shall be made under the provisions of [Part II, Ch. 163].' See also AGO 072-273, in which this office stated that
 [i]n order to implement [the authority of Part II, Ch. 163], the county must formally declare its election to proceed under its provisions, see s. 163.315. After such election, all preexisting ordinances and resolutions must be brought into conformity with ss. 163.160-163.315, supra, and are then administered pursuant to ss. 163.160 et seq., supra. (Emphasis supplied.)
Accord: Attorney General Opinion 075-77.
AS TO QUESTION 2:
The issue of the necessity to adopt part II, Ch. 163, F. S., in its entirety, is closely related to the concern expressed in your enclosed Memoranda of Law over whether Volusia County, after adopting part II, Ch. 163, can repeal its adoption and then proceed to plan and zone pursuant to its independent authority. I conclude that, once a county has elected to adopt part II, Ch. 163, the county must thereafter comply with part II, and it cannot repeal the adoption and proceed independently.
In Orange City Water Co. v. Town of Orange City, 188 So.2d 306
(Fla. 1966), the Florida Supreme Court held that, once a county had adopted the provisions of Ch. 367, F. S., pursuant to that chapter's local option feature, for the regulation of its water and sewer systems, the county did not have the implied power to repeal its adoption. The Supreme Court quoted from Northern Trust Co. v. Snyder, 89 N.W. 460 (Wis. 1902), in support of its opinion. `The power to adopt is a special, limited power, which, when once executed, is exhausted. We venture to say that no authority can be produced to support the contention that power to give effect to an option law carries with it, by implication, power to abolish it.'Id. at 465.
This conclusion is supported by the legislative intent evinced by the provisions of part II, Ch. 163, F. S. Section 163.165(3),inter alia, states: `Whenever a governing body shall elect to execute any of the powers granted by this act, such powers shall be exercised in the manner hereinafter prescribed.' And s. 163.315(2), on the effect of part II, Ch. 163, on existing county planning, states that, `after [Part II] becomes effective in any county or municipality, such resolutions and ordinances shall be administered under the provisions of [Part II], and any amendments to any such county or municipal ordinance shall be made under the provisions of [Part II].'
See also AGO 077-92, which concludes that, once a governing board of a county has adopted a resolution declaring the need for a housing authority to function in the county pursuant to Ch. 421, F. S., the board is not authorized to repeal such resolution or adopt a new resolution declaring that there is no longer a need for the housing authority to function, thereby attempting to dissolve, terminate, or suspend the functioning of county housing authority. See AGO 077-92 for a discussion of how other jurisdictions have similarly dealt with the problem of rescinding an adoption to proceed under general or comprehensive regulations provided by the Legislature. Accord: Attorney General Opinion 071-372.
In conclusion, until judicially determined to the contrary, it is my opinion that the governing board of a county, once it has made an election to adopt and proceed in compliance with part II of Ch. 163, F. S., may not adopt zoning, subdivision, or other codes or regulations which are inconsistent with part II of Ch. 163. Since the governing board of Volusia County has elected to proceed with its county planning and zoning pursuant to part II of Ch. 163, it has exhausted its special limited power and, in the absence of legislative authority, does not now have the authority to repeal or rescind its adoption of part II of Ch. 163.
Prepared by:
Craig B. Willis Assistant Attorney General