Mr. Arthur M. Birken City Attorney City of Tamarac
QUESTIONS:
1. If a Municipal Code Enforcement Board is created in a municipality, does the jurisdiction of said board extend to all ordinances enacted by a municipality (including parking violations, traffic violations, and all misdemeanors adopted by ordinance) or is the board's jurisdiction limited to enforcing occupational license, fire, building, zoning, sign and related technical codes as set forth in s. 166.052, F.S. (1980 Supp.)?
2. If a Municipal Code Enforcement Board is created in a municipality, does that municipality still have the option of filing suit in prosecution of a violator in county court without first going to the code enforcement board?
3. A municipality is not authorized by the Municipal Code Enforcement Boards Act to take an appeal by certiorari in the circuit court from a ruling or order of its code enforcement board entered in the enforcement proceedings provided for in that act.
SUMMARY:
1. The jurisdiction of a Municipal Code Enforcement Board under ss. 166.051-166.062, F.S. (1980 Supp.) is limited to the enforcement of the various occupational license, fire, building, zoning, sign and related technical codes as prescribed in s. 166.052, F.S. (1980 Supp.), and does not extend to, and the exercise of its powers is impliedly prohibited over, all other ordinances enacted by a municipality, including those concerned with parking and traffic violations and misdemeanors and other offenses adopted and provided for by ordinance.
3. May a municipality be an aggrieved party for purposes of s. 166.061, F.S. (1980 Supp.), and therefore appeal an order of the municipal code enforcement act?
2. Once a municipality has created a code enforcement board under the Municipal Code Enforcement Boards Act, it does not retain any option of prosecuting or causing the prosecution of a violator of any of the technical codes enumerated in s. 166.052, F.S. (1980 Supp.), in the county court.
AS TO QUESTION 1:
Chapter 80-300, Laws of Florida, codified as part I, ss. 166.051-166.062, F.S. (1980 Supp.), authorizes each municipality in Florida, at its option, to create by ordinance a code enforcement board. Section 166.053(1), F.S. (1980 Supp.). Section 166.052, F.S. (1980 Supp.), explicates the legislative intent to provide:
 . . . an equitable, expeditious, effective, and inexpensive method of enforcing the various occupational license, fire, building, zoning, sign, and related technical codes in force in municipalities. (Emphasis supplied.)
The act applies to the incorporated areas of every municipality in the state. Section 166.053(1), F.S. (1980 Supp.). Charter counties may by ordinance exempt themselves from the operation of the act, s. 166.053(2), F.S. (1980 Supp.), but municipalities are not so authorized. The act is, of course, presumptively valid and must be given effect until judicially determined otherwise. State v. State Board of Equalizers, 94 So. 681 (Fla. 1922); Evans v. Hillsborough County, 186 So. 193 (Fla. 1938).
It is a general rule of statutory construction that where a statute enumerates the things on which it is to operate, it is to be construed as excluding from its operation all things not expressly mentioned therein; expressio unius est exclusioalterius. Thayer v. State, 335 So.2d 815 (Fla. 1976); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Ideal Farms Drainage Dist. v. Certain Lands, 19 So.2d 234 (Fla. 1944). Cf. Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433, 434 (Fla. 1973). Moreover, where the Legislature has directed how a thing shall be done, it is, in effect, a prohibition against it being done in any other way. See Alsop v. Pierce, 19 So.2d 799, 805, 806 (Fla. 1944); In re Advisory Opinion of Governor Civil Rights,306 So.2d 520, 523 (Fla. 1975). Applying these rules to your first question, by clear implication the Code Enforcement Board's jurisdiction is limited to the enforcement of the various occupational license, fire, building, zoning, sign and related technical codes as prescribed in the Municipal Code Enforcement Boards Act. Thus, the enforcement board's jurisdiction does not extend to, and the exercise of its jurisdiction is impliedly prohibited over, all other ordinances enacted by a municipality, including those concerned with parking and traffic violations and all misdemeanors and other offenses adopted and provided for by municipal ordinance.
AS TO QUESTION 2:
Section 166.056, F.S. (1980 Supp.), deals with the enforcement procedure to be followed by a municipality's code inspector (whose duty it is to assure code compliance, s. 166.054(2), F.S.) once a violation of any of the codes enumerated in s. 166.052, supra, is found. It is the duty of the code inspector to initiate enforcement proceedings of the designated codes. Section 166.056(1), F.S. (1980 Supp.). Subsection (2) provides, in pertinent part, that:
 . . . if a violation of the codes is found, the code inspector shall notify the violator and give him a reasonable time to correct the violation. Should the violation continue beyond the time specified for correction, the code inspector shall notify the enforcement board and request a hearing
pursuant to the procedure in s. 166.057. Written notice shall be mailed to said violator as provided herein. (Emphasis supplied.)
Once a municipality has elected to create a code enforcement board pursuant to part I of ch. 166, F.S. (1980 Supp.), it must thereafter proceed in compliance with part I, ch. 166. Nothing in part I of ch. 166, F.S. (1980 Supp.), evinces a legislative intent to allow a municipality to arbitrarily choose which technical code violations will be brought before the enforcement board and which will be prosecuted in county court. The Staff Analysis prepared by the House Committee on Community Affairs, dealing with the then proposed Municipal Code Enforcement Boards Act, dated January 27, 1980, states that, under the act, `the code enforcement officer would carry out the duties the state attorney now has for prosecuting municipal ordinance violations, and the codeenforcement board would replace the county court as the forum forresolution of these violations.' (Emphasis supplied.) Cf. also AGO 079-40 which concluded that when a county elects to adopt provisions of part II of ch. 163, F.S., governing zoning and planning, thereafter that county must proceed in compliance with part II for all of that county's planning and zoning, and once it had elected to proceed under part II of ch. 163, it could not repeal its adoption and proceed independently to adopt zoning, subdivision, planning, or other codes or regulations inconsistent with part II of ch. 163. That opinion further stated that a county could not pick and choose which portions of a comprehensive program established by the Legislature it wished to comply with; once it elected to adopt part II of ch. 163, any question as to its prior independent authority became moot and thereafter part II became binding on the county in its totality for all of its planning, subdivision and zoning regulations.
The Florida Supreme Court dealt with an analogous question in Orange City Water Company v. Town of Orange City, 188 So.2d 306
(Fla. 1966). The court discussed whether a local option feature of a statute carried with it, by implication, the right to rescind its operation, and found it to be a matter of first impression. Citing from a `persuasive' case from another jurisdiction, Northern Trust Co. v. Snyder, 89 N.W. 460 (Wis. 1902), the court said `[t]he power to adopt is a special, limited power, which, once executed, is exhausted.' 188 So.2d 308, 309. Applying this reasoning to the instant inquiry, it would appear that once a municipality creates by ordinance a code enforcement board as provided in part I of ch. 166, F.S. (1980 Supp.), it may not thereafter prosecute or cause to be prosecuted violations of the codes enumerated in s. 166.052, F.S. (1980 Supp.), or any municipal ordinances on or prescribing violations and penalties for violating ordinances on any of the subjects therein specified in the county court. The municipality cannot pick and choose which violators of the designated technical codes it wishes to have prosecuted in the county court and which it will prosecute pursuant to the enforcement procedure set forth in ss. 166.056-166.059, F.S. (1980 Supp.). Cf. AGO 079-40.
I therefore conclude that once a municipality has created a code enforcement board under the Municipal Code Enforcement Boards Act, it does not retain any option of prosecuting or causing the prosecution of a violator of any of the technical codes enumerated in s. 166.052, F.S. (1980 Supp.), in the county court.
AS TO QUESTION 3:
Section 166.061, F.S. (1980 Supp.), provides that an `aggrieved party' may take an `appeal' from a ruling or order of the enforcement board by certiorari in circuit court, but neither that provision nor the definitions contained in s. 166.054, F.S. (1980 Supp.), define the term `aggrieved party.' Cf. s. 176.16, F.S. 1971 (preserved in effect by s. 166.042(1), F.S.), providing that any person aggrieved by any decision of a board of adjustment or
any taxpayer or any officer, department, board or bureau of the governing body of a municipality may petition the circuit court for issuance of a writ of certiorari to review the legality of decisions of such board; s. 163.250, F.S., authorizing any person aggrieved by any decision of a board of adjustment or any officer, department, board, commission, or bureau of the governing body of a municipality to apply to the circuit court for judicial relief or review, which review may be either by a trial de novo or by petition for writ of certiorari at the election of the appellant. Under these statutes both or either of the aggrieved persons or the designated municipal agencies or officers are authorized to apply to the circuit court for judicial relief from or review of decisions of the board of adjustment. Section 166.061, supra, makes no such provision for appeals of rulings or orders of the municipal code enforcement board by the city or any agency or officer of the city or its governing body. Moreover, I am unaware of any decisional law allowing municipalities to take an appeal from an adjudication of or punishment meted out by the county court under the existing system for the prosecution of violations of municipal codes or ordinances such as those enumerated in s. 166.052, F.S. (1980 Supp.).
The Municipal Code Enforcement Boards Act does not purport to vest in a code enforcement board any power to grant any exception of any nature or special exception to or variance from the terms of the codes or ordinances enumerated in s. 166.052, F.S. (1980 Supp.). Cf. s. 163.225, F.S.; s. 176.14, F.S. 1971. The declared intent of the act is to provide a method of enforcing the designated codes or ordinances. Section 166.052, F.S. (1980 Supp.). Cf. s. 163.255, F.S.; s. 176.22, F.S. 1971. It is the duty of the code inspector to assure code compliance, s. 166.054(2), and to initiate enforcement proceedings of the various listed codes, s. 166.056(1), F.S. (1980 Supp.). The enforcement board is empowered to issue orders having the force of law commanding whatever steps are necessary to bring a violation (brought before it by the code inspector pursuant to s. 166.056(2) or (3), F.S. (1980 Supp.)) into compliance, s. 166.058(5), F.S. (1980 Supp.), and, failing in which and upon notification thereof by the code inspector, to order the violator to pay a fine not exceeding $500 for each day the violation shall continue past the date set by the enforcement board of compliance. Implicit in the provisions of s. 166.057(3) and (4) and s. 166.058(2)-(5), F.S. (1980 Supp.), and necessarily arising from the expressly granted enforcement powers, is the power of the enforcement board to find an alleged violator not guilty of violating any of the various codes listed in s. 166.052, supra. No provision of the Municipal Code Enforcement Boards Act, specifically s. 166.061, empowers the municipality or any of its agencies or officers to take an appeal by certiorari in the circuit court from any such ruling or order of the enforcement board entered in the statutorily prescribed enforcement proceedings; neither do the provisions of such statutes as ss. 163.255(1), F.S., and 176.22, F.S. 1971 empower such an appeal from the adjudications and penalties therein prescribed or the adjudications of and penalties imposed by the county court under the existing constitutional and statutory scheme of enforcement and prosecution of violations of municipal codes or ordinances such as those listed in s. 166.052, F.S. (1980 Supp.).
By way of analogy, the competency of a city to appeal from the decision of boards of adjustment or other zoning authorities depends upon the law and practice of a particular state, and, generally, a city is a proper party defendant or appellee in proceedings to set aside or reverse administrative decisions in zoning matters. See 8A McQuillin, Municipal Corporations, s. 25.319, p. 442. Cf. 62 C.J.S. Municipal Corporations s. 228(3)(b), p. 573, which suggests that there exists a split of authority as to whether, for purposes of judicial review of a decision of a board of appeals or adjustment, the board itself is a proper party. Cf. also City of Pompano Beach v. Zoning Board of Appeals,206 So.2d 52 (4 D.C.A. Fla., 1968), holding that a city charter provision adopted subsequent to s. 176.16, F.S., providing:
 Any person or persons jointly or severally, aggrieved by any decision of the Zoning Board of Appeals, may appeal to a court of record and proceed as provided in Chapter 176, Florida Statutes, 1955[,]
was not inconsistent with and had not superseded the previously enacted s. 176.16, which permitted an appeal from a decision of a board of adjustment by 3 classes of persons, including municipal agencies or officers. The court's ultimate determination was that the petitioning city, its city manager and members of its governing body had standing as taxpayers and as officers of the municipality to challenge the granting of a variance from the zoning laws of the city by the city's zoning board of appeals in circuit court under s. 176.16, supra.
In the absence of any legislative or judicial direction or precedent and based upon the foregoing considerations and authorities, I therefore conclude that the city is not authorized by the Municipal Code Enforcement Boards Act to take an appeal by certiorari in the circuit court from a ruling or order of its code enforcement board entered in the enforcement proceedings provided for in that act.
Prepared by: William D. Hall, Jr., Assistant Attorney General